STATE ex rel. JOHN HENRY FITZ v. MATT·JENSEN.[1]

April 11, 1902.

Nos. 13,064—(183).

**Primary Election—Party Convention.**
> The primary election act (Laws 1899, c. 349) as amended and extended by Laws 1901, c. 216, repeals, by implication, as to all elective offices within its purview, the provisions of the general election law providing for party nominating conventions; and no political party now has the right to nominate candidates for such offices by a party convention.

**Same—Constitution.**
> The primary election law is constitutional.

Alternative writ of mandamus issued out of the district court for Ramsey county upon relation of John Henry Fitz, directed to respondent, as city clerk of St. Paul, requiring him to show cause why he should not place relator's name upon the official ballot as candidate of the Prohibition party for mayor at the city election to be held May 6, 1902. From an order, Otis, J., directing that the alternative writ be made peremptory, respondent appealed. Reversed, and remanded with directions to quash the alternative writ.

*James E. Markham, Franklin H. Griggs* and *Thomas McDermott,* for appellant.

*Daniel W. Doty,* for respondent.

[1] Reported in 89 N. W. 1126.

START, C. J.

The Prohibition party, a duly organized political party, at the last general election in the city of St. Paul polled more than one per cent., and less than ten per cent., of the entire vote cast at such election. On March 13, 1902, a nominating convention of the party, composed of delegates assembled and organized pursuant to the rules and regulations of the party, nominated the relator as the party candidate for the office of mayor of the city, to be voted for at an election for city officers to be held on May 6, 1902. The chairman and secretary of the convention duly made a certificate of the nomination of the relator, which was delivered to the appellant, as city clerk of the city, with the required fee for filing; but the appellant refused to receive it and place the relator's name upon the official ballot to be used at such election. Thereupon, and on the petition of relator, formally alleging the foregoing facts, the district court of the county of Ramsey issued its alternative writ of mandamus to the appellant, requiring him to place the relator's name upon such official ballot or show cause why he should not do so. He appeared in response to the writ, and admitted that the facts alleged in the petition were true, but insisted that they were not legally sufficient to require or justify the placing of the relator's name upon the official ballot. The court ruled that they were, and the appellant appealed to this court from the judgment of the district court adjudging that the alternative writ be made peremptory.

The question raised by this appeal is this: Did the primary election act (Laws 1899, c. 349), as amended and extended by Laws 1901, c. 216, repeal, as to all elective officers other than those excepted from the operation of the act, the provisions of the general election law (G. S. 1894, §§ 36–39), providing for party nominating conventions? We answer the question in the affirmative. The act of 1901 extended the operation of the primary law of 1899, but it does not affect the question here under consideration. The question, then, must be determined by a comparison of the provisions of the general election law as to nominating candidates with those of chapter 349, as the latter contains no express repeal of any prior laws. The general election law provides two

methods by which candidates may be selected and their names placed upon the official ballot. The first is by the action of a party convention, and the second by a petition of electors, to a number equal to one per cent. of the entire vote cast at the last preceding election. Other than by the action of a party convention or by petition no way is provided for nominating candidates and placing their names on the official ballot. The law provides for the procedure in each case, and classifies political parties by providing that only those parties which at the last general election polled at least one per cent. of the entire vote cast can nominate their candidates by party conventions, and that all other parties not within this class can nominate only by petition. Such, stated according to their legal effect, were the existing provisions of the general election law when the primary election statute here in question was enacted. G. S. 1894, §§ 36–44.

The title of this statute is

"An act providing for the selection of candidates for elections by popular vote, and relating to elections."

Section 1 thereof provides for holding a primary election for the purpose of choosing candidates for all elective district, county, and city officers, except state officers, who are chosen by the electors of the whole state. Section 2 is in these words:

"A political party, within the meaning of this act, is one which shall have cast at least ten (10) per cent. of the total vote cast at the last preceding election for its leading candidate, or shall present to the county auditor a petition asking for the right to have a primary election ticket as hereinafter provided for, such petition to contain at least ten (10) per cent. of the qualified electors of the county in which the privilege is asked. Nominations of candidates for said offices [those referred to in section 1 of the act as amended] shall be made by such political parties in accordance with the provisions of this act, and not otherwise; provided that nothing herein contained shall be construed to prevent the nomination of candidates for such offices by any groups, individuals, or so called political parties, which are not recognized political parties in accordance with this section, by petition, in accordance * * * with * * * the general election law."·

Section 25 provides that:

"The persons whose names are so properly placed in said nominated statement shall be and constitute the nominees of the several political parties in which they were candidates, and such names shall be printed upon the official ballot prepared for the ensuing election in like manner as if such persons had been duly nominated by a party convention of delegates, with the certificate thereof filed as required by said general election law; provided, no name shall be placed upon the ballot for said ensuing election unless the further fee required by said general election law is paid within the time therein required, as in case of filing certificates of nomination from conventions. No names of candidates * * * [upon the primary election ballot under the provisions * * *. of this act] shall be placed upon the official election ballot unless such candidates have been chosen in accordance with this act, except in case of a vacancy occasioned by the death, removal or resignation of any candidate so chosen or arising otherwise, and in such event the campaign or party committee of the same political party, or if there be no such committee, then a mass convention of such party, may fill such vacancy, the name of such new candidate to be certified under oath to the secretary of state or county auditor or auditors, or both, as the case may be, by the chairman and secretary of such committee or convention."

The act further provides for the procedure for holding the primary election; but, other than we have indicated, it contains no provisions inconsistent with those of the general election law referred to. The contention of the appellant is to the effect that the manifest purpose of the primary election law was to repeal by implication so much of the general election law as authorized nominating conventions for the selection of candidates for the elective offices to which the law was by its terms made applicable. The relator's claim, in substance, is that it was not the purpose of the act to repeal the general election law providing for nominating conventions, and that it does not do so, by implication or otherwise, as to those political parties which polled at the last preceding general election more than one and less than ten per cent. of the entire vote cast; or, in other words, that the act applies only to political parties polling ten per cent. or more of the entire vote, and that all parties polling at least one, but less than ten, per cent. of the vote may still nominate candidates by a party convention. We are unable so to construe the law, if effect be given, as it must be, to all of its provisions. The rule as to re-

peals by implication is well settled. They are not favored, and a statute will not be held to repeal a previously existing law unless it is clearly inconsistent therewith. But a subsequent statute, containing no repealing clause, although it be not repugnant in its provisions to a prior statute, will, if it was clearly intended to be the only rule which should govern in the case provided for, repeal the original act by implication. Gaston v. Merriam, 33 Minn. 271, 22 N. W. 614; Nicol v. City of St. Paul, 80 Minn. 415, 83 N. W. 375.

Tested by this rule, it seems quite clear that it was the purpose of the primary election law absolutely to eliminate, except as provided therein, the previously existing system of party conventions for the selection of candidates for election to the several offices within the purview of the act, and to substitute therefor the scheme of a primary election. If the act had made no change in the classification of political parties, and had provided that all parties casting at least one per cent. of the entire vote should select candidates only by a primary election, it would be clear beyond reasonable question that such provisions were a substitute for the prior law for selecting them by a nominating convention, and a repeal pro tanto thereof by necessary implication. Now the act makes no increase in the number of the classes of political parties. It does not provide, as relator seems to claim, that parties whose percentage vote is ten per cent. or more must nominate their candidates by a primary election, that those whose percentage is less than ten per cent., and at least one per cent., may do so by a nominating convention, and that all whose percentage is less than one per cent. must nominate by petition. On the contrary, the act simply increases the percentage of the vote which is the basis of classification, from one to ten per cent.

If this change in the general election law had been made before the enactment of the primary law, then all parties polling ten per cent. or more of the vote would have been entitled to select their candidates by a party convention, but all other parties would have been limited to nominating them by petition; and if subsequent to such increase the primary election law had been passed, requiring all parties polling ten per cent. or more of the vote to nominate

their candidates by a primary election, would this change restore to parties whose vote was at least one, and less than ten, per cent. of the entire vote the right to nominate by a convention? Manifestly not. Would it not be perfectly clear in such a case that the primary election was a substitute for the nominating convention? But it can make no possible difference in the result whether the increase in the percentage of the vote as a basis of classification and the substitution of the primary election for the nominating convention were made by separate acts or both included in the same act. In either case there would necessarily be a repeal pro tanto by implication of the provisions relating to party conventions.

Again, any doubt which might otherwise be entertained as to the legislative intent in adopting this primary election law is put at rest by the proviso to the second section thereof. Effect must be given to this proviso, which necessarily implies that the right theretofore existing of political parties whose vote was at least one per cent., but less than ten, of the whole vote to name their candidates by a party convention was repealed. Such parties were by the act excluded from selecting candidates by a primary election, the substitute for the nominating convention; hence the right of nominating by petition was expressly reserved to them by the proviso. It may have been an unnecessary precaution, but the fact remains that the act, in effect, declares that so much of the general election law as relates to the selecting candidates by petition shall remain in force, from which the inference follows that the method of nominating candidates by a convention was not to remain in force; otherwise it would also have been reserved in the proviso. Counsel for relator lays stress upon the fact that section 25 of the act refers to and recognizes the existence of the provisions of the general election law as to nominating conventions. This is not specially significant, for such provisions are still in force as to nominating candidates for state and some other offices, and the references to such provisions are for the purpose of indicating the procedure in preparing the official ballot, and in cases of a vacancy.

We hold that the act repeals the provisions of the general

election law providing for the selection of candidates by party convention, so far as they would otherwise apply to the offices within the purview of the act. The relator insists that the act so construed is unconstitutional, but valid if construed as he claims it should be. This is necessarily a concession that the legislature may classify political parties and provide that one class may select its candidates by a primary election, another by a party convention, and another by petition. We are of the opinion that the legislature may classify political parties with reference to differences in party conditions and numerical strength, and prescribe how each class shall select its candidates; but it cannot do so arbitrarily, and confer upon one class important privileges and partisan advantages and deny them to another class, and hamper it with unfair and unnecessary burdens and restrictions in the selection of its candidates. While it seems to some of us that the percentage of the vote selected as the basis of the classification in this act is larger than necessary, yet it was a question for the legislature, and we are not justified in holding that the classification was arbitrary. We hold the law as we have construed it constitutional.

It follows that the relator was not entitled to have his name placed upon the official ballot as a candidate for mayor, that the judgment must be reversed and the cause remanded to the district court, with directions to quash the alternative writ of mandamus.

So ordered.