# HERBERT JOHNSON v. JULIUS A. SCHMAHL.[1]

October 12, 1912.

Nos. 17,987—(267).

**Title of act — nomination of candidates for state office.**

> The title to Laws 1912, c. 2, is fairly suggestive of a purpose to repeal all statutory provisions as to the nomination of candidates for state office by party conventions. The act in this respect is valid. It repeals the law as to such nominations, and no political party has now the right to nominate candidates for state office by a party convention.

Upon petition of Herbert Johnson, this court issued its order directing Julius A. Schmahl, as secretary of state, to place the name of C. W. Brandborg upon the ballot for the ensuing election as candidate of the Socialist Labor party for the office of Governor, or show cause why he had not done so. The facts are stated in the opinion. The respondent, among other matters, alleged in his answer that the state canvassing board did not certify the name of Charles W. Brandborg as the nominee of the Socialist Labor party as candidate for the office of Governor to be voted for at the next general election, for the reason that said Brandborg failed to receive at the primary election a number of votes equal to ten per cent of the average vote cast at the preceding general election for the office of Governor, lieutenant governor, state auditor, secretary of state, state treasurer and attorney general. Order discharged.

*J. T. Avery,* for petitioner.

*Lyndon A. Smith,* Attorney General, and *Alexander L. Janes,* Assistant Attorney General, for respondent.

PER CURIAM.

This matter came before the court upon an order requiring respondent, as secretary of state, to show cause why he should not be directed to place upon the official ballot, for the next general election, the name

[1] Reported in 137 N. W. 741.

of C. W. Brandborg as the candidate of the Socialist Labor party for Governor, and to indicate on the ballot that he is the candidate of such party.

The Socialist Labor party is a political party maintaining a party organization within this state, and on June 23, 1912, it held a convention and nominated C. W. Brandborg as its candidate for Governor, and a certificate thereof was, on July 16, 1912, tendered to the secretary of state, with the filing fee, which he refused to receive. Thereupon, and on the same day, Brandborg duly filed for nomination by his party as a candidate for Governor at the primary election to be held September 17, 1912. He failed to receive the necessary number of votes to entitle him to have his name as such candidate placed on the official ballot for the next general election. Thereafter, and on October 5, 1912, the certificate of his nomination by a convention of his party was again tendered to the secretary of state, and refused.

The contention of the petitioner is that chapter 2, p. 4, Laws 1912, is unconstitutional so far as it purports or attempts to repeal the then existing provisions of the statute as to nomination by party conventions for state office, for the reason that such subject is not expressed in the title of the act. The title is this: "An act to amend sections 181, 182, 184, 186, 187, 189, 193, 196, 197, 199, 200, 201, 217, 218, 241, 247, 251, and 316 of the Revised Laws of 1905, and acts amendatory thereof, relating to registration of voters and to primary and general elections, and to add certain provisions relating to registration of voters and to primary and general elections, and to repeal any acts or parts of acts inconsistent herewith." This title, by reference to the sections of R. L. 1905, therein named, indicates that the intention of the act is to amend the existing primary statute, and clearly suggests a purpose to extend the provisions of the primary statute to the nomination of candidates for state office. The carrying into effect of such purpose necessarily involved a repeal of the provisions of the existing statute as to the nomination of such candidates by party conventions, in order to prevent intolerable confusion and absurdities. It is clear that the title to the act is fairly suggestive

of its subject-matter, and that the act is constitutional. 3 Dunnell, Minn. Digest, §§ 8907, 8908.

It is further urged that, conceding the act to be valid, it did not then repeal the then existing statutory provisions authorizing and regulating nominations by party conventions. The claim is without merit, for section 21 of the act repeals, except as therein stated, all acts and parts of acts inconsistent with the provisions of the act. That this section repealed the law providing for party nominating conventions is not a debatable question, and we so hold, following State v. Jensen, 86 Minn. 19, 89 N. W. 1126. The case cited held that the primary statute of 1899,[1] as amended by Laws 1901, p. 297, c. 216, repealed, as to all elective offices within its purview, the law as to the party nominating conventions, and that thereafter no political party had a right to nominate candidates for such offices by a party convention.

It is therefore ordered that the order to show cause herein be and it is hereby in all things discharged.