## CHARLES L. SAWYER AND OTHERS v. THOMAS FRANKSON.[1]

### August 28, 1916.

### Nos. 20,055—(266).

**Corrupt Practice Act — contest over nomination at primary election.**

In a contest of the right of a successful candidate at a primary election to the nomination upon the ground that he violated the Corrupt Practices Act it is *held*:

(1) That under G. S. 1913, § 599, the contestants must be voters qualified to participate in the selection of candidates of the party of which the contestee was the nominee.

(2) That the evidence did not show that the number of contestants required by the statute were so qualified and the contest was rightfully dismissed by the court.

Charles L. Sawyer and others petitioned the district court for Ramsey county to annul the nomination of Thomas Frankson, as candidate of the Republican party for the office of lieutenant governor of the state of Minnesota to be voted for at the general election to be held in November, 1916. Respondent's motion to strike out portions of the amended petition was granted in part and denied in part, Hanft, J. Respondent answered and the matter was heard before Brill, J., who at the close of the testimony dismissed the proceeding. From an order denying petioners' motion for a new trial, they appealed. Respondent's motion to dismiss the appeal was granted.

*George S. Grimes,* for petitioners.

*Edgerton & Dohs* and *Keller & Loomis,* for respondent.

PER CURIAM.

Appeal by the contestants from a judgment dismissing their contest of the right of the contestee to the nomination of lieutenant governor.

1. The contestee and respondent, Thomas Frankson, was a candidate for the Republican nomination for lieutenant governor at the June 19, 1916, primary and was declared the nominee by the state canvassing board. This is a proceeding to contest his right to the nomination upon

[1] Reported in 159 N. W. 1.

the ground that he violated the Corrupt Practices Act in that he expended in his campaign a larger sum than the statute permits. At the close of the testimony the contest was dismissed on the motion of the contestee. The dismissal was upon the ground that the evidence did not show that the contestants were such voters as the statute authorizes to maintain a contest.

The statute provides relative to a contest as follows:

"Any twenty-five voters of the state, or of any political division thereof, may contest the right of any person to nomination, position, or office for which said voters had the right to vote, on the ground of deliberate, serious and material violation of the provisions of this act or of any other provisions of law relating to nominations and elections. Any defeated candidate for said nomination, position or office may make said contest. Said procedure shall be commenced by petition filed in the district court of the county in which the candidate whose election is contested resides, and the contest shall be carried on according to law.

"In case of contests over nominations, the court shall pronounce whether the incumbent or contestant was fully nominated, and the person so declared nominated shall have his name printed on the official ballots." G. S. 1913, § 599.

An important question is whether the 25 voters contesting must be voters entitled to participate at the primary in the selection of a candidate of the political party of which the nominee is the choice or whether it is sufficient if they are voters qualified to participate in the primary for any purpose.

The primary election takes the place of the party caucus and party convention. A voter cannot participate in the selection of the candidates of more than one party or of a party with which he does not affiliate. The primary election is in effect a separate primary for each party. Party voters express their choice on separate party ballots. The statute regulates the method of selection but the primary is essentially a party primary. The statutes and the cases recognize that the nature of the primary is as stated. See G. S. 1913, §§ 336-341, 347; State v. Jensen, 86 Minn. 19, 89 N. W. 1126; State v. Johnson, 87 Minn. 221, 91 N. W. 604, 840; Johnson v. Schmahl, 119 Minn. 179, 137 N. W. 741. Voters

are concerned with the result of the primary only as it affects the nominee of the party with which they affiliate and not as it affects the nominee of another party. We hold that the right to contest is given only to voters who are qualified to participate in the choice of a candidate of the political party of the nominee. The correctness of this view is strengthened by a reference to the portion of the statute giving a defeated candidate the right to contest upon the same grounds—a right which clearly refers to a contest of the nomination of the nominee of the party of the defeated candidate and not that of the nominee of another party.

What we have said should be understood as applying to the contest of the right of partisan nominees. We have not before us a nomination to a nonpartisan office.

2. The evidence shows that some of the contestants were qualified voters. The contestants claim that it shows that all were, or at least that the court could have so found. The contestee does not concede this. We do not decide. For the purposes of the case it may be conceded that all were legal voters and qualified to vote for some party candidate. It must be conceded that it does not show that as many as 25 were qualified to participate in the nomination of a Republican candidate. The testimony so stood at the close of the case. The point had been suggested. The proof was not supplied. There was no offer to make proof that as many as 25 of the contestants were qualified to participate in the selection of a Republican candidate. The court was right in dismissing the contest. There was no abuse of discretion in refusing an adjournment for further proof.

In view of the matter mentioned other points need not be discussed.

Judgment affirmed.