**TENNESSEE LIBERTARIAN PARTY
et al., Appellants,**

v.

**DEMOCRATIC PARTY of Tennessee
et al., Appellees.**

Supreme Court of Tennessee.

July 25, 1977.

Rehearing Denied Sept. 12, 1977.

Philip M. Carden, Nashville, for appellants.

Brooks McLemore, Jr., Atty. Gen., Robert B. Littleton, Asst. Atty. Gen., Nashville, for appellees.

## OPINION

WM. M. LEECH, Special Justice.

The Tennessee Libertarian Party, by James E. Forrester, Chairman, and other officers and members of said political party, filed a complaint, in the Chancery Court for Davidson County, Tennessee, against the Tennessee Republican Party, the Tennessee Democratic Party, the Election Coordinator and the Attorney General for the State of Tennessee, for a declaratory judgment seeking to have the Tennessee Election Code declared to be unconstitutional.

The Chancellor, Honorable Ben H. Cantrell, held the statutes to be constitutional and dismissed the suit. The plaintiffs prayed and were granted an appeal to this Court.

We agree with the reasoning and conclusions of the Chancellor as set out in his opinion which reads as follows:

## MEMORANDUM

This action challenges the constitutionality of the Tennessee Election Code. T.C.A. § 2–1301 sets out the requirements for getting on the ballot for any office voted on by the voters of more than one country. Said section provides:

"Party nominations—Requirements.—(a) No person's name may be shown on a ballot as the nominee of a political party for the offices named in § 2–1314 or for any office voted on by the voters of more than one county unless the political party

(1) is a statewide political party and

(2) has nominated him substantially in compliance with this chapter."

A statewide political party is defined in T.C.A. § 2–104(27), as follows:

(27) "Statewide political party" means either

(a) A political party at least one of whose candidates for an office to be elected by voters of the entire state in the past four (4) calendar years has received a number of votes equal to at least five per cent (5%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor, or

(b) For one (1) year after petitioning successfully, a political party which has a membership equal to at least two and one half per cent (2½%) of the total number of votes cast for gubernatorial candidates in the most recent election of governor as shown by petitions to establish a political party filed with the coordinator of elections and signed by registered voters as members of the party and certified as to registration of the signers by the county election commissions of the counties where the signers are residents.

All the facts were stipulated and the Court will not reproduce those facts herein.

It is contended that the quoted provisions of the Election Code grant a monopoly to the two parties which currently enjoy statewide status, and also virtually prevent the attainment of status as a statewide political party by the plaintiff and other minority parties all in violation of the United States Constitution and the Constitution of the State of Tennessee.

In the cases dealing with this problem, the Supreme Court of the United States has held that a state has a legitimate interest in regulating the number of candidates on the ballot. *American Party of Texas, et al. v. White*, 415 U.S. 767, 783, 94 S.Ct. 1296, 1307, 39 L.Ed.2d 744 (1974). The Court in that same case went on to say, "Of course, what is demanded may not be so excessive or impractical as to be in reality a mere device to always, or almost always, exclude parties with significant support from the ballot. The Constitution requires that access to the electorate be real, not 'merely theoretical.' [*Jenness v. Fortson*, 403 U. S. 431, 439, 91 S.Ct. 1970, 1974, 29 L.Ed.2d 554 (1970)]."

In the 1974 case of *American Party of Texas, et al. v. White*, 415 U.S. 767, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974) the Court dealt with the problem of requiring minority parties to demonstrate support from electors equal to a percentage of the vote for governor in the last general election.

The Court said:

"Appellants apparently question whether they must file any list of supporters where the major parties are required to file none. But we think that the State's admittedly vital interests are sufficiently implicated to insist that political parties appearing on the general ballot demonstrate a significant, measurable quantum of community support. So long as the larger parties must demonstrate major support among the electorate at the last election, whereas the smaller parties need not, the latter, without being invidiously treated, may be required to establish their position in some other manner."

The Supreme Court has found the following to be reasonable requirements to obtain ballot positions: (1) Petitions taken within a fifty-five (55) day period having a number of signatures equal to one (1) percent of persons who voted for governor. *American Party of Texas v. White, supra.* (2) Petitions by five (5) percent of registered voters. *Jenness v. Fortson, supra.* (3) One (1) percent of votes in a race for Secretary of State. *Communist Party, et al. v. Austin,* D.C., 362 F.Supp. 27 (1973).

In *Williams v. Rhodes,* 393 U.S. 23, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968), the Court struck down the Ohio requirements which required petitions with fifteen (15) percent of the vote in the gubernatorial election and in addition the party was required to establish extensive organization on a precinct by precinct basis to establish a central committee of persons who voted in no other party primary for the four (4) previous years, and that the central committeemen be nominated by up to one thousand (1,000) persons who had failed to vote in a party primary for four (4) years. The Court noted in that case that in order to break through and be listed on the ballot the party must garner its support from those who had proved unwilling and unable to vote in previous years.

It is the opinion of the Court in this case that the requirements written into the Tennessee Election Code to obtain a position on the ballot for statewide offices are reasonable and do not invidiously discriminate against minority parties.

The appellants insist before this Court that the Chancellor did not consider the alleged violations of provisions of the Constitution of the State of Tennessee and that no Tennessee cases were cited. Those sections of the Constitution of the State cited and relied upon do not apply to the method of listing candidates for office, but go to the prohibition of requiring a political test to hold office, and the denial of the right to vote in elections because of political, racial, or religious views.

Counsel for the appellants cites the 1910 case of *Ledgerwood v. Pitts,* 122 Tenn. 570, 125 S.W. 1036 (1910), which involved the constitutionality of the "Primary Election Law of 1909." For all practical purposes the complaint in that case relied upon the same provisions of the constitution of the State of Tennessee in alleging that the act violated "the inhibitions of the constitution against special and partial laws, in that its classifications are unreasonable, arbitrary, and capricious."[1]

In *Ledgerwood* the Court quoted with approval from *State, ex rel. v. Jensen,* 86 Minn. 19, 89 N.W. 1126 (1902), to the effect, "that the legislature may classify political parties with reference to difference in party conditions and numerical strength and prescribe how each class shall select its candidates."

Quoting from Cyc Vol. 15, p. 332, the Court also said: "The legislature may recognize the existence of political parties and within reasonable limits regulate the means by which partisan efforts shall be protected in exercising individual preferences for party candidates . . ."

And the court quoted with approval the language from *State v. Felton,* 77 Ohio St. 554, 572, 84 N.E. 85, 88 (1908), dealing with the very question presented by appellants in this case, as follows:

"One man cannot constitute a political party, and the abuses the law was intended to prevent depend largely upon the number of those who constitute the party, and this makes it perfectly proper for the legislature to limit the application of the law according to number."

The appellants allege that because the tenets of the Tennessee Libertarian Party are such that they appeal primarily to non-voters and independents who are unwilling to commit themselves on a party qualification petition, as required by T.C.A. § 2–104(27)(b), for that reason they cannot qualify as a statewide political party, and are

---

1. The 1909 Act was declared unconstitutional because the body of the act was broader than the caption, and because the payment of a fee was required as a condition to becoming a candidate.

therefore denied access to a place on the ballot.

■ A candidate may acquire ballot status as an independent if the political party with which he is affiliated has not, or cannot, qualify as a "statewide political party." [2]

■ So long as party affiliation is not a requirement for ballot status, the State has an interest in setting forth requirements for candidates to qualify, or as stated in *Jenness v. Fortson,* quoted by the Chancellor in his memorandum *supra,* "if no other reason, in avoiding confusion, deception, and even frustration of the democratic process at the general election."

■ We agree with the Chancellor that the provisions of the Tennessee statutes are reasonable and do not violate the constitutional provisions cited by either the Constitution of the United States or the Constitution of the State of Tennessee.

The decree of the Chancery Court for Davidson County is affirmed. The appellants will pay the costs of this cause.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.

### OPINION ON PETITION TO REHEAR

The appellants, Tennessee Libertarian Party, et al., have filed a petition to rehear, and the basis of the argument presented is that the Court in its footnote relative to the *Ledgerwood* case overlooked that one of the reasons given in *Ledgerwood* for invalidating the act in question was the specific exclusion therein of certain judicial offices while including others. This reason was not applicable to the present case and was not overlooked.

All questions raised by the petition to rehear were considered by the Court in its original opinion, and were rejected therein.

The petition is therefore denied.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.

2. In the 1976 presidential election there were eight (8) independent candidates listed in alphabetical order, including appellants Mac-

Bride and Bergland, with the electors pledged to them listed in the same manner as statewide political party nominees.