# OLE ANDERSON v. VILLAGE OF LOUISBERG and Others.[1]

May 2, 1913.

Nos. 17,879—(64).

**Moot case.**

Action to restrain the issue of a liquor license. Before an appeal from the judgment could be heard, the time expired for which the license would have been granted. *Held:* The facts rendered this a moot case, and court decisions should be limited to real controversies, in actions involving existing facts and rights asserted thereunder. [Reporter.]

Action in the district court for Lac qui Parle county to restrain defendant village and members of the village council from granting an application for license to sell intoxicating liquor for the year beginning April 1, 1912. The case was tried before Qvale, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed without statutory costs.

*T. J. McElligott,* for appellants.

*Fosnes & Fosnes,* for respondent.

PER CURIAM.

This action was brought on March 25, 1912, to restrain the issuance of a liquor license to an applicant therefor for the term commencing April 1, 1912, and ter-

[1] Reported in 141 N. W. 97.

minating March 31, 1913. Issue was joined, the action tried below, and a decision rendered on May 25, 1912, granting the relief demanded in the complaint. Judgment was formally entered on September 6, 1912, from which defendants appealed on September 9, too late for a hearing at the October term of the court. The appeal was submitted on April 25, 1913.

The period for which plaintiff sought to restrain the issuance of a license expired on March 31 of the present year, and there is now no real controversy between the parties in the present action. If the appeal should be considered and determined upon its merits, and a reversal ordered, no further proceedings could be had below, for the time for the issuance of the license has passed, and none could be now issued if defendants should prevail on a new trial. The judgment appealed from must therefore be affirmed.

It may be suggested that a decision of the question presented would serve as a precedent in other cases and should therefore be rendered. A complete answer to this is found in the fact that court decisions should be limited to real controversies, in actions involving existing facts and rights asserted thereunder. The present condition of this action renders it a moot case, and not a real controversy. Attention may be called to the new rules of this court, under which a situation like that here presented may be obviated in the future by a prompt presentation of the appeal, which could not be done under the old rules.

Judgment affirmed, without statutory costs.