"YES...................NO...................."

---

# HENRY HANSEN and Others v. NORTHWESTERN TELEPHONE EXCHANGE COMPANY and Others.[1]

October 23, 1914.

Nos. 18,762—(62).

**Appeal dismissed — moot question.**

Action to enjoin a city council from enacting an ordinance granting defendant corporation the right to construct a telephone exchange. After the restraining order was set aside, the ordinance was passed, accepted by defendant and

[1] Reported in 149 N. W. 131.

the work of construction begun. Thereafter plaintiffs appealed from an order sustaining defendants' demurrers to the complaint. Appeal dismissed, because there was no real controversy involved. [Reporter.]

Action by 28 plaintiffs against defendant telephone exchange company and the aldermen and recorder of the city of Luverne to restrain the passage and publication of a city ordinance. The defendants demurred individually and collectively to the complaint. The matter was heard before Nelson, J., who denied plaintiffs' application for a temporary injunction, set aside the temporary restraining order made by the court commissioner, and sustained the demurrers. From that order plaintiffs appealed. Dismissed.

*A. J. Daley, M. H. Chunn* and *W. N. Davidson,* for appellants.

*Edmund A. Prendergast,* for respondent telephone company.

PER CURIAM.

This action was brought by plaintiffs, as taxpayers, against the members of the city council of the city of Luverne, the city recorder, and the Northwestern Telephone Exchange Co., a corporation, to restrain and enjoin the passage by the council, the recording or publication by the recorder, and the acceptance by the Telephone Co. of an ordinance pending before the council, by which a franchise was intended to be granted to the Telephone Co. to construct and operate a telephone exchange within the city. The city officers and the Telephone Co. interposed separate general demurrers to the complaint. At the time of commencing the action, plaintiffs procured from the court commissioner an order temporarily restraining the council from passing the ordinance, and an application was made to the court for a temporary injunction restraining further proceedings by defendants pending the action. At the hearing on the application for an injunction, the demurrers to the complaint were submitted, and the court thereafter made an order discharging the order made by the court commissioner, denying the motion for a temporary injunction and a further order sustaining the demurrers to the complaint. It appears that the ordinance in question had been passed by the council and that the mayor of the city had vetoed the same. The action was commenced immediately after this action by the mayor, and the purpose thereof was to restrain and enjoin the council from passing the same over the veto. After the court had denied the temporary injunction and sustained the demurrers to the complaint, the council passed the ordinance over the veto and the Telephone Co. duly filed its acceptance thereof, and entered upon the work of constructing and putting in operating shape the telephone exchange authorized by the ordinance. Thereafter plaintiffs appealed from the orders sustaining the demurrers to the complaint. It will thus be seen that what the plaintiffs by the action sought to prevent, namely, the passage of the ordinance and the acceptance thereof by the Telephone Co., has been consum-

mated, and the action necessarily must fail. It now involves no real controversy in respect to the purpose of the action, and the appeal presents a moot case. If it be conceded that the action can be maintained at all, being one to restrain the passage of an ordinance, the validity of the same and of the contract resulting from the acceptance thereof by the Telephone Co., are not involved in the action, for the passage and acceptance of the ordinance occurred subsequent to the commencement thereof, and can only be made issues therein, if the remedy is here available, by supplemental complaint, no application to file which appears to have been made. Section 7763, G. S. 1913; 2 Dunnell, Minn. Dig. §§ 7634, et seq.

We therefore dismiss the appeal as one involving no real controversy.

Appeal dismissed.

Justice Philip E. Brown took no part.