WILLIAM J. TROY v. CITY OF ST. PAUL AND OTHERS.[1]

May 18, 1923.

No. 23,300.

**After issue of building permit action to restrain issue of permit presents moot question.**

1.   Upon appeal from an order sustaining a demurrer to a complaint in an action brought to enjoin a city building inspector from issuing a building permit, it was made to appear that while the action was pending and before the appeal was taken the permit had been issued.

[1]Reported in 193 N. W. 726.

*Held* that an injunction cannot annul an accomplished fact and that only a moot question was presented by the appeal.

### When repeal of statute or ordinance terminates suit.
2. Where a suit is founded on a statute or ordinance, and, before the suit has been concluded or vested rights have been acquired, the statute or ordinance is repealed without attaching a saving clause to the repealing act, the suit must stop where the repeal finds it.

### After repeal of ordinance its validity presents a moot question.
3. The validity of an ordinance which was repealed after a suit was brought upon it and while an appeal was pending, will not be determined, but the appeal will be dismissed on the ground that it presents only a moot question.

Action in the district court for Ramsey county to restrain defendant commissioner from issuing a building permit to defendant Oehrlein and the latter from erecting a foundry upon certain premises. From an order, Sanborn, J., sustaining defendant city's demurrer to the amended complaint, plaintiff appealed. Appeal dismissed.

*John J. Kirby*, for appellant.

*C. F. McNally* and *Eugene M. O'Neill*, for respondent city.

*Doty & Doty*, for respondent Oehrlein.

LEES, C.

Appeal from an order sustaining a demurrer to plaintiff's amended complaint. The cause of action set out therein and in the original complaint was founded on section 674 of article 16 of the building ordinance of the city of St. Paul, which declared that foundries and other classes of buildings enumerated could not be erected in a residential or business district unless the consent of the owners of certain classes of property was obtained.

The original complaint alleged that plaintiff was the owner of property adjacent to that owned by the defendant Oehrlein; that Oehrlein had applied for a permit to erect a foundry on his property, and that the council of the city of St. Paul had adopted a resolution authorizing the issuance of the permit, although the consent of property owners had not been obtained as required by the ordi-

nance. The relief demanded was that the city and its building inspector be enjoined from issuing the permit and that Oehrlein be enjoined from erecting and maintaining a foundry on his premises. On filing the complaint, plaintiff obtained a temporary restraining order returnable May 27, 1922. The city and Commissioner Clancy interposed a general demurrer to the complaint and on June 2 the demurrer was sustained and the restraining order discharged. Plaintiff did not appeal, but on July 1 obtained an order requiring defendants to show cause why he should not be allowed to amend his complaint. Leave to file and serve an amended complaint was granted. It differed in no material respect from the original complaint. All the defendants joined in a general demurrer to the amended complaint and the case comes here on appeal from an order sustaining the demurrer.

It was admitted at the argument that on November 16, 1922, while the appeal was pending, section 674 of the building ordinance was amended by striking out the provision relating to the property owners' consent and substituting a provision requiring the affirmative vote of 5/7 of the members of the council to authorize the issuance of a permit for the erection of foundries or other buildings in certain enumerated classes. It was also admitted that on June 5, 1922, the building inspector issued a permit to Oehrlein by virtue whereof he has erected a one-story building used as a brass foundry.

1. So far as the city and Commissioner Clancy are concerned, it is clear that when the permit was issued this became a moot case, for an injunction cannot annul an accomplished fact. Anderson v. Village of Louisberg, 121 Minn. 528, 141 N. W. 97; City of St. Paul v. St. Paul C. Ry. Co., infra, page 514; 3 C. J. 358. As to these defendants, the appeal must be dismissed for this reason.

2. With respect to the rights asserted against the defendant Oehrlein, it is argued by plaintiff's counsel that because the consent of the property owners required by the original ordinance was not obtained, the council could not authorize the building inspector to issue the permit, and hence it was void. Defendants' counsel reply that the ordinance was invalid, and hence it was unnecessary to get

the consent of the property owners. Most of the discussion in the briefs relates to the validity of the ordinance. We decline to consider this point because the old ordinance is no longer in effect, section 674 having been repealed by the amendment of November 16, 1922.

With practical unanimity the courts hold that, where a suit is founded on a statute and before the suit has been concluded or vested rights have been acquired the statute is repealed without attaching a saving clause to the repealing act, the suit must stop where the repeal finds it. Board of Pub. Util. Commrs. v. Compania General, 249 U. S. 425, 39 Sup. Ct. 332, 63 L. ed. 687; People v. Bank of San Luis Obispo, 159 Cal. 65, 112 Pac. 866, 37 L. R. A. (N. S.) 934, Ann. Cas. 1912B, 1148; Vance v. Rankin, 194 Ill. 625; 1 Sutherland, St. Const. (2d Ed.) § 285; 36 Cyc. p. 1228. The same principle applies to a suit founded on an ordinance which has been repealed. Riley v. Bell, 184 Ind. 110, 109 N. E. 843. All there is before us is the abstract question of whether the repealed ordinance was valid. The determination of the question can no longer have any practical effect, and hence this has become a moot case.

There is an additional reason which leads to the same conclusion. It is no longer possible to prevent Oehrlein from building, for he has built. It is true that part of the relief sought is to restrain him from maintaining a foundry. But the sole ground for asking for this relief is that he built without having a valid permit. An injunction is not demanded because he is maintaining a nuisance. If injunctional relief can be had upon the state of facts alleged in the complaint, it makes no difference what kind of business the owner of a building conducts therein. The mere fact that the building had been erected without a permit would enable his neighbor to maintain a suit to enjoin the owner from using the building, whether the business conducted therein was offensive or inoffensive. No case has been called to our attention which would warrant such a conclusion. Even if it were held that the amended complaint stated a cause of action and plaintiff established the facts alleged, the district court could not compel Oehrlein to demolish his building, nor could it compel him to cease to operate his foundry in the absence

of proof that it was a nuisance, and the complaint is not framed so as to permit such proof to be made. It is well settled that if, pending an appeal, an event occurs which renders it impossible to grant any relief, or which makes a decision unnecessary, the appeal will be dismissed. 3 C. J. 360; 2 R. C. L. 169.

We conclude that as to Oehrlein, as well as to his co-defendants, this has become a moot case, and therefore the appeal must be dismissed as to all the defendants. It is so ordered.