## JOHN F. DOYLE v. ANDREW J. RIES, JR.[1]

April 6, 1939.

No. 32,044.

*Patrick J. Ryan* and *Walter T. Ryan,* for appellant.

*Oppenheimer, Dickson, Hodgson, Brown & Donnelly,* for respondent.

STONE, JUSTICE.

Appeal from judgment dismissing plaintiff's suit for an injunction.

In 1934 plaintiff was elected to the office of abstract clerk for Ramsey county for a term of four years and "until his successor is elected and qualified." Sp. L. 1889, c. 355, § 1. At the election in 1938 defendant Ries received a majority of votes for the office and got the certificate of election. December 2, 1938, plaintiff presented to the district court his petition asking that defendant's election be annulled for violation of the corrupt practices act, on the ground

[1]Reported in 285 N. W. 480.

that defendant had falsely declared himself a citizen of the United States when in fact he was a citizen of Canada.

December 8, 1938, plaintiff brought this action, alleging that plaintiff was entitled to "hold over"; that determination of the proceedings under the corrupt practices act could not be had until after the first Monday in January, 1939, and that then defendant would enter the office; that such entry, due to the nature of the office (it is a fee office) would cause plaintiff irreparable injury; and praying that defendant be enjoined from interference with plaintiff's possession of the office until determination of the proceedings under the corrupt practices act.

■ It is settled law that title to public office will not be determined in a suit for injunction. 22 R. C. L. p. 454, § 113. Plaintiff's theory and argument recognize that rule, but seek to sustain this action upon the authority of School District v. Weise, 77 Minn. 167, 79 N. W. 668, intimating that in a proper action an injunction will issue to protect the possession of the incumbent against the interference of a claimant whose title is in dispute, until the question of title is determined in an appropriate proceeding.

■ The situation when this action was commenced was one for the application of that rule. But, after decision and judgment below, defendant went into possession of the office and remains there, pursuant to his certificate of election.

Inasmuch as the only purpose of the suit was to protect plaintiff's possession pending decision of the other action, wherein plaintiff contests defendant's election, and because plaintiff is no longer in possession and defendant is, the single and limited issue of this action has become moot.

Defendant's certificate of election is *prima facie* evidence of his election against a direct attack and conclusive evidence thereof against a collateral attack. 2 Dunnell, Minn. Dig. (2 ed. & Supps.) § 2978. We could not interfere now without determining the issue of title to the office, and that should not be done in this injunction suit.

We cannot agree with the suggestion of plaintiff that there is anything in State ex rel. Minneapolis P. R. Assn. v. City Council, 188

Minn. 447, 247 N. W. 514, intimating that we should proceed further. Then we did refuse to dismiss the case as moot. But what we decided was within the scope of a live issue of the case. We were not limited then as we are here by a rule that the issue was not one which should be determined in that type of case.

True, decision now on the main issue, if favorable to him, would be helpful to plaintiff in his other action. But we do not decide cases merely to make precedents. Works v. Tiber, 169 Minn. 172, 210 N. W. 877. *Cf.* Moore v. McDonald, 165 Minn. 484, 205 N. W. 894.

Plaintiff's appeal must therefore be dismissed.

So ordered.

MR. JUSTICE HILTON, incapacitated by illness, took no part.