ARCHIE McDONALD AND OTHERS v. BREWERY AND BEVERAGE DRIVERS AND HELPERS AND WAREHOUSEMEN, LOCAL UNION NO. 792, AND OTHERS.[1]

May 21, 1943.

No. 33,491.

---

[1]Reported in 9 N. W. (2d) 770.

*Doherty, Rumble, Butler, Sullivan & Mitchell,* for appellants.

*Thomas O. Kachelmacher, Joseph A. Padway,* and *I. E. Goldberg,* for respondent Local 792.

*Sam J. Levy,* for respondent Minneapolis Bottling Company.

THOMAS GALLAGHER, JUSTICE.

Plaintiffs are unincorporated labor unions and members and officers thereof, comprised of workers in breweries, malthouses, and soft drink manufacturing and distributing establishments in Minneapolis and St. Paul. Both plaintiff unions are affiliated with the International Union of Brewery, Flour, Cereal, and Soft Drink Workers of America.

Defendant Brewery and Beverage Drivers and Helpers and Warehousemen, Local No. 792, is affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers. The individual defendants are members of Local 792. Defendant Minneapolis Bottling Company, a Minnesota corporation, is engaged

in manufacturing, distributing, and delivering soft drink products in Minneapolis and vicinity.

The bottling company, on January 29, 1941, entered into a "closed shop" agreement with plaintiffs whereby it agreed to employ only "members in good standing" of plaintiff organizations. The agreement further provided:

"This agreement shall be in full force and effect from May 1, 1941 until May 1, 1943, and shall thereafter automatically continue from year to year until either party gives notice to the other party at least thirty (30) days prior to the expiration date that changes are desired in this agreement."

It is undisputed that more than 30 days prior to May 1, 1943, the bottling company served notice upon plaintiffs terminating said contract in accordance with the aforesaid provision, and that at this time the contract has expired.

This is an equity action wherein, in substance, plaintiffs prayed for the following relief:

1. That defendant bottling company be permanently enjoined from employing any member of Local 792 or any persons not members of the plaintiff Locals 205 or 97, and from in any manner violating or attempting to violate the aforesaid contract.

2. That defendants J. M. O'Loughlin, Emanuel Holstein, Larry Davidson, and Local No. 792 be permanently enjoined from all acts intended to induce, persuade, or coerce any person to violate said contract, or intended to induce or coerce the bottling company to employ members of Local 792, or intended to induce employes of the bottling company to become members of Local 792.

3. That defendants J. M. O'Loughlin, Emanuel Holstein, Larry Davidson, and Local 792 be permanently enjoined from inducing or coercing, or by any other acts seeking to persuade the bottling company to hire members of Local 792 or other persons not members of the plaintiff Locals 205 or 97; and from following and accosting the employes of the bottling company, and picketing and boycotting its customers or patrons, or making false representations concern-

ing its employes, or from all similar acts having for their purpose any breach of said contract.

This litigation arose out of a jurisdictional dispute between plaintiff and defendant labor organizations. Prior to the action, defendants, other than the bottling company, by various methods which they contend were legal but which plaintiffs claim were illegal, had induced all the bottling company's employes to drop their memberships in the plaintiff Locals and to affiliate with defendant Local 792. In consequence, the bottling company was no longer complying with the provisions of the agreement to employ only members in good standing of the plaintiff Locals.

The trial court, partly upon stipulation submitted by the parties and partly upon evidence presented, on June 22, 1942, made findings of fact and conclusions of law, pursuant to which a judgment was entered on November 27, 1942, by the terms of which it was provided:

(a) That defendant Local 792, its members, agents, and representatives and the individually named defendants be restrained from threatening or committing any acts of violence toward the person, immediate family, or physical property of the plaintiffs, or any of the members of the plaintiff Local Unions.

(b) That the said defendant Local 792, its members, agents, and representatives and the individually named defendants be restrained from unlawfully stopping or interfering with any vehicle operated by any member of Brewery Workers Local 205 on the streets or highways while members thereof are in pursuit of their lawful employment or from unlawfully using force or threats of force to prevent members of Local 205 from carrying on their lawful employment.

(c) That the said defendants be restrained from advertising, picketing, or bannering customer establishments by the use of signs stating that any such establishment is unfair to defendant Local 792 because it handles products of defendant bottling company delivered by non-A. F. of L. teamsters.

278

(d) That the said defendants be restrained from engaging in any conduct defined as unlawful by the laws of the state of Minnesota.

The court refused to enjoin the bottling company from violating the aforesaid agreement or to compel it to discharge its employes, all of whom had become members of Local 792, as required by the "closed shop" provision of the contract, holding that such relief was too harsh for a court of equity to grant under the circumstances, and that it would be a denial to such employes of the right granted them by statute to organize and choose their own bargaining representatives.

Had such relief been granted it would have been obligatory upon the bottling company to discharge all its employes, since none of them were then affiliated with the plaintiff Locals. Plaintiffs appealed from the judgment because of the refusal of the court to grant the additional relief prayed for, as above indicated.

Pending this appeal, the notice to terminate the contract was given by the bottling company. By virtue thereof the contract expired April 30, 1943, prior to this decision. Defendants, other than the bottling company, at the hearing on the appeal, moved to dismiss the appeal, upon the ground that, by virtue of the expiration of the contract, the cause had become moot. Plaintiffs opposed the motion, contending that the appeal was not moot, and that the lower court's judgment in effect determined either that there had been no breach of contract or that the contract was invalid; and hence, unless modified by this appeal, it would bar plaintiffs from the pursuit of other remedies against defendants arising out of said contract.

■ Examination of the pleadings and judgment indicates that plaintiffs were granted all specific relief prayed for except that relating to an injunction against breach of the contract by the bottling company and against interference therewith by the remaining defendants. This appeal is taken because such additional relief was not ordered. Since such relief is directly contingent upon the

contract and its continuance in effect, and since the contract has now terminated, it'would appear that the questions here presented have become moot. Should we now, in effect, order the trial court to grant such additional relief, we should be directing action under the expired contract. Such an order would be a nullity. In consequence, we are impelled to grant defendants' motion to dismiss the appeal. Anderson v. Village of Louisberg, 121 Minn. 528, 141 N. W. 97; Hansen v. N. W. Tel. Exch. Co. 127 Minn. 522, 149 N. W. 131; State ex rel. Klemer v. City Recorder, 129 Minn. 535, 152 N. W. 654; Troy v. City of St. Paul, 155 Minn. 391, 193 N. W. 726; Moore v. McDonald, 165 Minn. 484, 205 N. W. 894; Weber v. Nasser, 210 Cal. 607, 292 P. 637.

■ We do not agree that a dismissal of the appeal as moot would in effect amount to an affirmance of a determination that the contract involved was invalid; or that it would bar other remedies in law which plaintiffs may believe they have under such contract; or that it would render all issues relative thereto *res judicata.* Such other issues were not presented in the trial court, nor are they presented here on appeal. No attack was made on the validity of the contract, nor did the judgment hold the contract to be invalid. No allegation of damages for breach of contract was made, nor was evidence presented to prove money damages. As previously stated, plaintiffs sought an injunction restraining defendants from certain actions. Most of the relief sought was granted. The additional relief was refused, as indicated by the trial court, because it was too harsh to be granted in equity. This could not be construed as a judgment that the contract, or any portion thereof, was invalid.

The granting of, or refusal to grant, an injunction to restrain the breach of a contract rests largely in the discretion of the trial court, but the denial of such relief never in itself has been construed as a determination that the contract was invalid or that other issues relative thereto not in litigation became *res judicata.* 3 Dunnell, Dig. & Supp. § 4479, and cases cited. In Reichert v. Pure Oil Co. 164 Minn. 252, 256, 259, 204 N. W. 882, 883, this point is discussed and the rule set forth as follows:

"An action to prevent the breach of a contract is, in effect, an action for specific performance and is governed by similar rules. The authorities, with little variation, hold that a court of equity will not enforce performance of a continuing contract if the contract permits the party seeking such enforcement to terminate it at will, but will leave him to his remedy at law.

\* \* \* \* \*

"\* \* \* the court will not decree performance unless it can compel performance by both parties, and it cannot compel performance by the plaintiff as he could avoid the decree at any time by revoking the contract. \* \* \* Neither does it mean that the contract is invalid. As said by Judge Cooley in Rust v. Conrad, supra [47 Mich. 449, 11 N. W. 265, 41 Am. R. 720]:

" 'Denying specific performance does not deny the legality or obligation of the contract: it denies merely that the case is one of equitable cognizance.' "

Without passing on the merits of issues which may arise under any further litigation involving said contract, we hold that the judgment of the trial court does not determine or render *res judicata* issues not there presented for trial, and, in particular, that nothing therein can be construed as a finding that the contract is invalid.

Plaintiffs suggest that the trial court's determination that the "closed shop" agreement is invalid presents a question of public interest and should be here passed upon, even though other questions in the case have become moot. As previously indicated, we do not find that the trial court in its judgment determined that the "closed shop" agreement was invalid, nor do we find anything therein which suggests such a holding. Our decisions must be limited to real controversies and questions involving existing rights asserted thereunder. Neither party has contended, either here or in the trial court, that "closed shop" agreements are invalid or that the particular agreement in the instant case, or any portion of it, is invalid; and, since the trial court has not so determined, we find nothing relative thereto to be determined on this appeal.

Plaintiffs cite a number of cases in support of their contention that even though the contract has expired there are questions to be determined which are not moot. Examination shows that in each of these cases the trial court had reached a determination relative to a contract or other matters under consideration which constituted a final judgment relative thereto and which barred further proceedings thereunder, unless modified by the appeal. For illustration, in the case of Independent School Dist. v. Pennington, 181 Iowa 933, 165 N. W. 209, cited by plaintiffs, the trial court determined that the contract involved was invalid, and hence that it deprived appellant there of the right to recover damages thereunder, even though the time for performance had actually expired.

Again, illustrative of this condition is the case of Clarke v. County of Beadle, 40 S. D. 597, 600, 169 N. W. 23, where the court stated:

"* * * whenever the judgment, if left unreversed, will preclude the party against whom it is rendered as to a fact vital to his rights, such as to the validity of a contract upon which his rights are based, it cannot properly be said that there is left before the appellate court but a moot question."

As above stated, nowhere in the findings, conclusions, or judgment in the instant case does the trial court hold that the contract here is invalid or pass upon other issues relative thereto. This being true, we cannot escape the conclusion that the issues presented on this appeal have become moot by virtue of the expiration of the contract.

The motion to dismiss the appeal as moot is granted.

MR. JUSTICE YOUNGDAHL took no part in the consideration or decision of this case.