## MID-WEST WINE COMPANY, INC. v. DUDLEY C. ERICSON.[1]

July 30, 1948.

No. 34,636.

See, George Benz Sons, Inc. v. Ericson, 227 Minn. 1, 34 N. W. (2d) 725.

*Fred P. Memmer* and *Lewis L. Anderson,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Ralph A. Stone,* Assistant Attorney General, for respondent.

*Samuel H. Maslon, Carl W. Cummins,* and *Paul C. Thomas* filed a brief as *amici curiae* on behalf of the contention of respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order sustaining defendant's demurrer to the complaint.

This is an action by a taxpayer and licensee under L. 1947, c. 528, to restrain defendant as state liquor control commissioner from approving manifests for the importation into this state of wines for resale in this state by concerns not licensed under c. 528 to manufacture or wholesale wines. A number of *amici curiae,* representing wholesalers and manufacturers of intoxicating liquors holding unexpired licenses issued under M. S. A. 340.11 prior to the enactment

[1]Reported in 34 N. W. (2d) 738.

of c. 528, participated in the argument before the trial court in support of the contention of defendant and, by order of this court, were granted permission to file a joint brief on this appeal.

L. 1947, c. 528, amended M. S. A. 340.11, subd. 12, and the question presented is whether c. 528 should be construed as prohibiting holders of licenses acquired prior to its passage under § 340.11, subd. 12, from selling wine from and after the passage of c. 528, except for the fact that the question has now become moot by virtue of two circumstances.

First, the court will take judicial notice of the fact that the licenses issued under § 340.11, subd. 12, all expired prior to June 30, 1948, so there is no real controversy remaining between the parties which could be decided.

Second, L. 1947, c. 528, is declared unconstitutional by this court in the companion case of George Benz Sons, Inc. v. Ericson, 227 Minn. 1, 34 N. W. (2d) 725, filed herewith. In view of that holding, it is apparent on the face of plaintiff's complaint that it can have no cause of action.

It is well settled that if, pending an appeal, an event occurs which renders it impossible to grant any relief or which makes a decision unnecessary, the appeal will be dismissed. 1 Dunnell, Dig. & Supp. § 463.

Appeal dismissed as presenting a moot question.