## GUY E. BARNES v. JAMES J. MACKEN AND OTHERS.

90 N. W. (2d) 222.

May 16, 1958—No. 37,429.

Foley & Foley, for appellant.

Brill & Brill and James T. Spillane, for respondent Nelson.

R. V. Ehrick, City Attorney, for other respondents.

PER CURIAM.

Guy E. Barnes filed his petition for an alternative writ of mandamus with the district court on November 16, 1956, and the court issued its order allowing the writ on the same day. The writ commanded respondent Arnold M. Nelson forthwith to vacate the position of assistant chief of police of the city of Rochester, Minnesota, and to cease accepting the salary and discharging the duties and responsibilities thereof. It commanded the other respondents, including the individual members and secretary of the Police Civil Service Commission of the city of Rochester, to certify Guy E. Barnes as the number one eligible for employment in the position of assistant chief of police.

The petitioner had previously been certified as the number one eligible for assistant chief of police on October 20, 1955. His certification was for the period of 2 years and it expired automatically on October 20, 1957, under the rules adopted by the said Police Civil Service Commission.

The matter was heard before the trial court without a jury on June 26, 1957. The court ordered judgment in favor of respondents. A stay was thereafter entered and the case later ordered settled on October 4, 1957. Petitioner's motion for a new trial was heard October 4, 1957, and denied. On the same date he filed a notice of appeal to this court.

Petitioner sought by the mandamus proceedings below, and now by appeal to this court, to have the position of assistant chief of police declared legally vacant and himself placed in that position as the number one eligible therefor. In addition petitioner urges that he is entitled to veterans preference in public employment as provided for in the

statutes of the State of Minnesota and that since respondent Nelson is not a veteran he is not entitled to preference under said statutes.

■ M. S. A. c. 419 provides that there may be created in every village or city, except a city of the first class, of this state, a Police Civil Service Commission with powers and duties as provided therein. Sections 419.06(5), 419.10, 419.25(d), and 419.29 of c. 419, establishing police civil service commissions, provide that any police civil service commission may by rule provide for striking any name from the eligible register upon which the name has been placed after it has remained thereon for 2 years. Rule 19 of the Rules of the Civil Service Commission for the Police Department of the city of Rochester provides:

"THE DURATION, EXTENSION, COMBINATION, AND CANCELLATION OF EMPLOYMENT LISTS. Employment lists shall continue in force for not more than two (2) years from the date of the approval of the employment list. In case there is an employment list for any class when another employment list for the same class is approved, the two shall be combined and the names of the eligibles shall be entered on the combined employment list in the order of their total weighted scores. Any portion of the combined employment list, however, shall be automatically cancelled and the names removed from the list at the expiration of the period for which such list was originally approved."

Clearly, under the provisions of this rule petitioner's position as number one eligible to the position of assistant chief of police of the city of Rochester expired October 20, 1957, approximately 16 days after filing of the notice of appeal. Automatic cancellation definitely removed his name, as originally approved, from the list. The rule is without a saving clause and therefore by its terms confers no rights except as therein provided.

■ Thus there is presented a situation where an event occurred on October 20, 1957, which renders it impossible for this court to grant any effectual relief to the petitioner. While this intervening event is not owing to petitioner's own act, it is nevertheless founded in the provisions of c. 419 and the Police Civil Service Commission rules adopted for the city of Rochester. These rules are based upon and founded in

the legislative will and the provisions adopted which provide for administrative action and supervision are beyond the control of either party, or of this court to grant relief from the effect of the automatic cancellation provision which is implicit in Rule 19.

■ This court has held under similar circumstances, in numerous decisions, that it is powerless to grant relief after the expiration of the period during which the right conferred may be asserted and therefore will not proceed to judgment. We are confronted with a situation in the present appeal when the affirmance or reversal of the order made by the trial court will make no difference in respect to the controversy involved or on the merits in regard to petitioner's claim. We have heretofore held that because of an expiration of a license a decision of the case on its merits would not benefit either party to the proceeding.[1] We have repeatedly said that under such circumstances the court's decisions should be limited to real controversies where actual existing facts and issues are involved and rights asserted thereunder. While it may be suggested that a decision of the case presented on this appeal would serve as a precedent in other cases and should therefore be rendered, the answer must be that the present condition of this action renders it a moot case and not a real controversy.

■ As was said by this court in Works v. Tiber, 169 Minn. 172, 173, 210 N. W. 877, 878: "We make precedents only as incident to the determination of actual controversies"; in Doyle v. Ries, 205 Minn. 82, 84, 285 N. W. 480, 481: "* * * we do not decide cases merely to make precedents"; and in Tepel v. Sima, 213 Minn. 526, 538, 7 N. W. (2d) 532, 538: "* * * no court, without usurping legislative powers, can write into the statute an exception or saving clause which is not there."

In the more recent case of Mid-West Wine Co. Inc. v. Ericson, 227 Minn. 24, 34 N. W. (2d) 738, this court held it to be well settled that

---

[1]This court in Paron v. City of Shakopee, 226 Minn. 222, 32 N. W. (2d) 603, 2 A. L. R. (2d) 1227, held that an expired license is functus officio, conferring no rights upon licensee thereafter, except where statute so provides. In a Kentucky case, Winslow v. Gayle, 172 Ky. 126, 188 S. W. 1059, an appeal was taken from an order dismissing a petition for mandatory injunction to compel revocation of a city license which expired before the appeal was heard. The appeal was dismissed as a "moot case."

if, pending an appeal, an event occurs which renders it impossible to grant any relief or which makes a decision unnecessary, the appeal will be dismissed. This court dismissed the appeal as presenting a moot question. See, Dehning v. Marshall Produce Co. 215 Minn. 339, 10 N. W. (2d) 229; McDonald v. Brewery and Beverage D. & H. & W. Union, 215 Minn. 274, 9 N. W. (2d) 770; Moore v. McDonald, 165 Minn. 484, 205 N. W. 894; Troy v. City of St. Paul, 155 Minn. 391, 193 N. W. 726; State ex rel. Klemer v. City Recorder, 129 Minn. 535, 152 N. W. 654; Hansen v. Northwestern Tel. Exch. Co. 127 Minn. 522, 149 N. W. 131; Anderson v. Village of Louisberg, 121 Minn. 528, 141 N. W. 97; 1 Dunnell, Dig. (3 ed.) § 463; 27 Wd. & Phr. (Perm. ed.) p. 536.

The California Supreme Court in a per curiam opinion said in Weber v. Nasser, 210 Cal. 607, 608, 292 P. 637:

"Upon examination of the record we find that any order we might make would be futile, as the contract, by its terms, expired on the above-mentioned date *and plaintiffs' cause of action in no event could avail them anything.* We have not overlooked the importance of the issue involved, but we must adhere to our long-established rule to the effect that this court does not pass judgments which can have no practical effect." (Italics supplied.)

It is a well-established rule that courts will decide only actual controversies and that an appellate court, when an event has occurred which renders it impossible to grant any effectual relief, will not proceed to judgment but will dismiss the appeal. If the intervening event is owing either to the appellant's own act, or to a power beyond the control of either party, the court will stay its hand. When the affirmance or reversal of an order made in the course of the proceeding would make no difference in respect of the controversy on the merits, the appellate court will not determine whether it was decided erroneously or not. Chicago G. W. Ry. Co. v. Beecher (8 Cir.) 150 F. (2d) 394, and cases cited therein; Fleming v. Munsingwear (8 Cir.) 162 F. (2d) 125.

■ In Matter of Woods v. Finegan, 246 App. Div. 271, 272, 285 N. Y. S. 277, 279, involving the life of a civil service eligible list and the question of whether or not it could be directly or indirectly extended

beyond a statutory 4-year period, the court said:

"The petitioner is not aided by the fact that in 1927 he passed a civil service examination and was thereafter placed upon the eligible list for the position of inspector of foods (meat and poultry), as it appears that in the year 1932, and before petitioner's name was reached for certification or appointment, it had expired by operation of law. Patently, the petitioner retained no rights under that list in the year 1935, when he applied for this transfer. Except by legislative enactment, the life of an eligible list may not, either directly or indirectly, be extended beyond the statutory period of four years. (Brown v. Craig, 209 App. Div. 11, 203 N. Y. S. 788; Civil Service Law, § 14.)"

In the Connecticut case of State ex rel. Chernesky v. Civil Service Comm. 141 Conn. 465, 106 A. (2d) 713, the Supreme Court of Errors of that state held that where limitation of two years was placed upon effectiveness of eligibility list for civil service positions for firemen, court had no power to establish a new list after the expiration of that period. The court further held in that case that a limitation upon the time during which an eligibility list for civil service position remained effective was in the public interest and was not unreasonable and did not interfere with any vested interests, including preferences granted to veterans.

The Court of Civil Appeals of Texas in City of Waco v. Akard (Tex. Civ. App.) 252 S. W. (2d) 496, 499, held that, since the eligibility list in question in that case expired at midnight December 7, 1951, under the express terms of the statute, such list became a nullity and stated:

"* * * Since the eligibility list expired by operation of law and the Civil Service Commission was without authority to make any changes therein, the district court likewise was without authority or jurisdiction to hear any complaint about an eligibility list that had expired by operation of law."

The foregoing rules render it impossible for this court to grant petitioner any relief from the order complained of. The question here involved is moot.

Appeal dismissed.