DOROTHY E. TOUHEY AND ANOTHER v. JOSEPH L.
DONOVAN AND ANOTHER.

105 N. W. (2d) 849.

October 28, 1960—No. 38,217.

*George H. Elwell,* for appellants.

*Walter F. Mondale,* Attorney General, and *Harold J. Soderberg,* Assistant Attorney General, for respondent Donovan.

*George M. Scott,* County Attorney, and *Douglas K. Amdahl,* Assistant County Attorney, for respondent Fitzsimmons.

KNUTSON, JUSTICE.

Plaintiff James Malcolm Williams was a candidate for nomination for the United States Senate on the Republican ticket at the primary election held on September 13, 1960. Plaintiff Dorothy E. Touhey is an independent voter in the State of Minnesota. By this action, both challenge the constitutionality of Minn. St. 203.35, subd. 7, which reads:

"The party ballot shall be headed by the words, 'Consolidated Primary Election Ballot.' Each political party shall have a separate ticket on the consolidated ballot, under which the names of all the candidates of the political party shall be grouped. Each political party ticket shall be headed by the words, '————————Party

Ticket,' giving the party name. Below the party name shall be printed the words, 'You cannot split your ballot. If you vote for candidates of more than one party, your ballot will be rejected.' Each party ticket shall be separated by a 12-point solid rule line."

Essentially, it is the claim of plaintiffs that they are deprived of their constitutional voting rights by our consolidated primary ballot, which prohibits a voter from casting his ballot for the nomination of candidates of more than one party. They sought injunctive relief to prohibit inclusion on the primary ballot of the following language:

"You cannot split your ballot. If you vote for candidates of more than one party, your ballot will be rejected."

A motion for a temporary injunction was denied by the trial court on August 17, 1960. An appeal thereafter was perfected to this court but could not be heard until September 26. By that time the primary election was past history. All questions raised by this appeal became moot prior to the hearing of the appeal. A decision on the merits would accomplish nothing, since the relief prayed for could not now be made effective. Consequently there is nothing we can do but dismiss the appeal.[1]

It has been suggested that we pass on the merits of the case as a precedent in future cases of this kind. In Works v. Tiber, 169 Minn. 172, 173, 210 N. W. 877, 878, we said:

"* * * We make precedents only as incident to the determination of actual controversies."[2]

However, it might be said that this court has heretofore virtually passed on the merits of this controversy. Prior to the commencement of this action, plaintiff Williams sought the same relief by an original petition to this court for a writ of prohibition. We denied the petition

---

[1]See, McDonald v. Brewery and Beverage D. & H. & W. Union, 215 Minn. 274, 9 N. W. (2d) 770; State ex rel. United Electrical, Radio and Machine Workers v. Weeks, 230 Minn. 581, 41 N. W. (2d) 177; Muggenburg v. Leighton, 240 Minn. 21, 60 N. W. (2d) 9; Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222.

[2]See, also, Doyle v. Ries, 205 Minn. 82, 285 N. W. 480; Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222.

on the basis of Sawyer v. Frankson, 134 Minn. 258, 259, 159 N. W. 1, where we said:

"The primary election takes the place of the party caucus and party convention. A voter cannot participate in the selection of the candidates of more than one party or of a party with which he does not affiliate. The primary election is in effect a separate primary for each party. Party voters express their choice on separate party ballots. The statute regulates the method of selection but the primary is essentially a party primary. * * * Voters are concerned with the result of the primary only as it affects the nominee of the party with which they affiliate and not as it affects the nominee of another party."

While what we say here is pure obiter dictum, it would seem that the Sawyer case expresses the correct rule that we have followed since the adoption of a primary election law.

In State ex rel. Gulden v. Johnson, 87 Minn. 221, 224, 91 N. W. 604, 840, 841, we said:

"* * * we must keep clearly in mind that the law is dealing with political parties or organizations. It is based upon the theory that organization, or party, is the basis of the dissemination and enforcement of political ideas, and that the individual must necessarily co-operate with such an organization. There is no restriction upon the individual, so far as the promulgation of political opinions is concerned; and the independence of the elector to cast his vote at the general election for those whom he believes will best represent his political ideas or best conserve public interests remains undisturbed. The primary election law simply adopts a general method, by which all parties and organizations shall, in the interests of public order, upon a certain day, within certain regulations, meet, and select their various nominees to go upon the ballot for the ensuing election."

In State ex rel. Nordin v. Erickson, 119 Minn. 152, 156, 137 N. W. 385, 386, we said:

"The Constitution does not attempt to regulate the exercise of the right of eligibility to office or to vote, but they are, of necessity, left for legislative action. * * *

\* \* \* \* \*

"* * * we must keep in mind that our primary election, which is purely of statutory origin, is the selection, by qualified voters, of candidates for the respective offices to be filled, while an election, which has its origin in the Constitution, is the selection, by such voters, of officers to discharge the duties of the respective offices; and that statutory regulations applicable only to a primary election, which might be repugnant to the Constitution if extended to elections, are not necessarily invalid unless they are so onerous, unfair, or obstructive as practically to defeat the fair right of an elector to vote or to be elected to office."

In State ex rel. 25 Voters v. Selvig, 170 Minn. 406, 407, 212 N. W. 604, we said:

"* * * primary elections are not of the character contemplated or intended by the term election as used in the Constitution of the United States or the Constitution of this state, and are not elections within the meaning of that term as there used. They are merely a method of nominating candidates for the various offices to be filled by the voters at the election intended by the Constitution. * * * The state may make such regulations and impose such conditions as it may deem necessary in respect to the nomination of candidates, the preparation of ballots, the placing of the names of candidates thereon and the manner in which the election shall be conducted, provided they are fair, impartial and reasonable, and afford the voters a fair and full opportunity to express their choice at the election."

For a discussion of the question of whether a primary is an election, see Sargent, *The Law of Primary Elections,* 2 Minn. L. Rev. 97, 101.

Plaintiffs rely on cases such as United States v. Classic, 313 U. S. 299, 61 S. Ct. 1031, 85 L. ed. 1368. Cases may arise under the laws of other states where nomination at a primary is tantamount to election, and in such cases we think that it is properly held that the same rule should govern a primary as an election. But that is not true in Minnesota. Nomination as a candidate of any political party in Minnesota is no assurance of election at the general election. Since the adoption of our primary election law, we have consistently held that the primary is not an election in the sense that that word is used in

our constitution. As long as the system adopted for nominating candidates by political parties is fair and reasonable and provides a fair opportunity for the expression of opinion by voters as to whom they wish to have as the candidate for the party with which they are affiliated, we think that it contravenes no provision of our state or Federal constitutions.

In view of the fact that all issues presented by the appeal are now moot, the appeal is dismissed.