## ST. PAUL CITY RAILWAY COMPANY AND ANOTHER v. CITY OF ST. PAUL.

106 N. W. (2d) 452.

November 25, 1960—No. 37,816.

---

*Robert J. Swords,* Corporation Counsel, and *Robert E. O'Connell,* Special Assistant Corporation Counsel, for appellant.

*Daniel S. Feidt* and *Robert I. Lang,* for respondents.

*Charles A. Sawyer,* City Attorney, and *Arvid M. Falk,* Assistant City Attorney, for the city of Minneapolis, amicus curiae.

FRANK T. GALLAGHER, JUSTICE.

St. Paul City Railway Company and Twin City Motor Bus Company, respondents here, moved this court for an order dismissing the appeal of the above-entitled case upon the ground that all of the issues are moot.

In opposing the motion the appellant, city of St. Paul, argues that questions have been raised on the appeal which are of great public importance involving determinations of vital rights and interests under conditions which may reoccur at any time.

On or about March 3, 1958, it appears from the record the respondents petitioned the Minnesota Railroad and Warehouse Commission for an increase in the rate of fares authorized to be charged. Thereafter a hearing was held before the commission which was participated in by appellant and others. On October 3, 1958, the commission made its orders denying the requested increase in the fares, and respondents appealed therefrom to the District Court of Ramsey County.

On March 4, 1959, the district court ordered judgments vacating the October 3, 1958, orders of the commission, and thereafter the appellant appealed to this court from the orders of the district court.

While it will serve no useful purpose to go into complete details in connection with the orders of the commission dated October 3, 1958, the order denying the petition of the St. Paul City Railway Company stated in part that the commission could not grant an increase in fares because the facts showed that the business was not honestly, efficiently,

and economically administered. It appears that subsequently and during the first half of 1959, changes were made in the administration and management of the utility, including a new general manager and board of directors. Thereafter the respondents applied to the commission for a fare increase and after a hearing thereon the commission, on or about October 8, 1959, granted such an increase. Neither the appellant here nor any of the other parties to that proceeding appealed from that order. Later the respondents again petitioned the commission for a fare increase and again on or about June 28, 1960, the commission granted a second fare increase. No appeal was made by the appellant here nor any of the other parties to that proceeding.

In an affidavit made by respondents' attorney in connection with this motion to dismiss, the following statement is made: "Whether the Commission's Order of October 3, 1958 or the findings of the Ramsey County District Court are affirmed or reversed, no increased fares have been or ever will be collected by reason thereof." It was affiant's position, as well as that of his clients, that the orders of the commission dated October 3, 1958, were based on the particular facts then existing; that these facts do not now exist; that the issues raised by appellant are moot; and further, that to reinstate the orders of the commission of October 3, 1958, would be of no consequence or legal significance inasmuch as there have been two subsequent orders of the commission for increased rates of fares from which no appeal has been taken.

■ Respondents cite 3 Am. Jur., Appeal and Error, § 733, to the effect that review proceedings are not allowed for the purpose of settling abstract questions but only to correct errors injuriously affecting the rights of some party to the litigation. According to the rule set out therein an appeal will be dismissed if the question presented by it is fictitious or has become moot or academic, or if, without any fault of the respondent, an event has occurred which makes a determination of it unnecessary or renders it impossible for an appellate court to grant effectual relief.

Troy v. City of St. Paul, 155 Minn. 391, 193 N. W. 726, involved an appeal from an order sustaining a demurrer to a complaint in an action to enjoin a city building inspector from issuing a building per-

mit. It appeared from the record that while the action was pending and before the appeal was taken the permit had been issued. This court held that an injunction could not annul an accomplished fact and that only a moot question was presented by the appeal. We there said (155 Minn. 395, 193 N. W. 727):

"* * * It is well settled that if, pending an appeal, an event occurs which renders it impossible to grant any relief, or which makes a decision unnecessary, the appeal will be dismissed."

In the more recent case of Mid-West Wine Co. Inc. v. Ericson, 227 Minn. 24, 34 N. W. (2d) 738, this court held, in dismissing an appeal as presenting a moot question, that if, pending the appeal, an event occurs which renders it impossible to grant any relief or which makes a decision unnecessary, the appeal will be dismissed.

Again, in Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222, we dismissed an appeal from an order denying a motion for a new trial. That case involved a mandamus proceeding in the Olmsted County District Court to determine the validity of the appointment of one of the respondents as assistant chief of police of the city of Rochester. Petitioner claimed he was entitled to the office under a certification which expired before the appeal was taken. In dismissing the appeal, this court said (252 Minn. 415, 90 N. W. [2d] 225):

"* * * We are confronted with a situation in the present appeal when the affirmance or reversal of the order made by the trial court will make no difference in respect to the controversy involved or on the merits in regard to petitioner's claim."

It appears to us that under the record here no increased fares have been or ever will be collected by reason of the commission's orders of October 3, 1958. It also appears in the light of the two subsequent orders granting fare increases, from which no appeals were taken by any of the parties, that any reinstatement of the orders of October 3, 1958, if granted on appeal, would be of no consequence or legal significance.

■ We have considered appellant's arguments in opposition to a dismissal, particularly to the effect that questions have been raised

by this appeal which are of great public importance involving determinations of vital public rights and interests under conditions which may reoccur at any time. It is our opinion, under the facts and circumstances here, that the pertinent issue on appeal is moot and that we cannot now attempt to render an opinion to cover conditions which may reoccur in the future. Rather, it seems to us that those conditions will have to be faced when the occasions arise. It is apparent that the utility has attempted to correct some of the abuses complained of by the commission in its order of October 3, 1958. For us to attempt to pass at this time on how complete an adjustment has been made would be out of place. In Barnes v. Macken, *supra,* this court said (252 Minn. 415, 90 N. W. [2d] 225):

"* * * While it may be suggested that a decision of the case presented on this appeal would serve as a precedent in other cases and should therefore be rendered, the answer must be that the present condition of this action renders it a moot case and not a real controversy."

In Works v. Tiber, 169 Minn. 172, 173, 210 N. W. 877, 878, the court stated: "We make precedents only as incident to the determination of actual controversies." Again, in Doyle v. Ries, 205 Minn. 82, 285 N. W. 480, it was stated that we do not decide cases merely to make precedents.

Respondents' motion to dismiss appeal granted.