# ARMORED CARRIER CORPORATION v.
# SWEENEY DETECTIVE BUREAU, INC.

178 N. W. (2d) 903.

July 10, 1970—Nos. 41961, 41962.

*James E. Knutson* and *Peterson & Popovich,* for appellant.
*Lindquist & Vennum, William E. Fox,* and *Kurtis A. Greenley,* for respondent corporation.
*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *Lane Fridell,* Special Assistant Attorney General, for respondent commission.

Heard before Nelson, William P. Murphy, Otis, Rogosheske, and James F. Murphy, JJ.

WILLIAM P. MURPHY, JUSTICE.

Motion to dismiss appeals taken following a judgment of the Hennepin County District Court which vacated an order of the Public Service Commission (formerly designated Railroad and Warehouse Commission) granting a common carrier permit. The judgment remanded the matter to the commission for such further action as it deemed necessary, consistent with the law as determined by the district court. After appeal from this judgment and from an order denying a new trial, and prior to oral argument, the attorney general filed a motion to dismiss in behalf of the Public Service Commission on the ground that the issues involved had been rendered moot by subsequent proceedings in the district court and before the Public Service Commission. The motion was denied without prejudice to its renewal at oral argument on the merits. During the oral argument, respondent joined in the motion to dismiss.

A brief statement of the background of these proceedings will suffice to explain our reasons for granting the motion to dismiss. From the record it appears that appellant, Sweeney Detective Bureau, Inc., in early 1966, renewed a petition for a common carrier permit originally filed on February 6, 1964. Appellant, which provides armored car service, proposed to transport nonnegotiable bank instruments from four banks in the St. Cloud area to banks in Minneapolis. After hearings, the commission duly entered its final order granting Sweeney's application. Respondent, Armored Carrier Corporation, which is also engaged in the same service, appealed from the commission's order to the Hennepin County District Court. As a result of this appeal, the district court held: "The order of the Public Service Commission of the State of Minnesota dated August 12, 1966, is vacated and set aside." A motion to amend findings of fact and conclusions of law and for a new trial was denied on January 27, 1969, and the court ordered:

"That judgment be entered forthwith upon the Court's Order of October 21, 1968, vacating and setting aside that certain Order of the Public Service Commission dated August 12, 1966; and

"That the matter be remanded to the Public Service Commission for such further action as it deems necessary, consistent with the law as determined by this Court and as set forth in its October 21, 1968 Order."

On March 28, 1969, Sweeney, now known as Loomis Corporation, appealed to this court.

We have considered the motion to dismiss these appeals on the basis of the files which constitute the record before us, as well as the oral argument of counsel for the opposing parties. It appears that after the district court's order of January 28, 1969, was entered and filed, extended proceedings were carried on before the commission. These proceedings involved not only the subject of the rights dealt with in the order appealed from but embraced as well new applications and orders for enlarged rights. As a result of these subsequent proceedings, the commission granted ex parte authority for Sweeney to serve 13 additional banks in addition to the banks it was authorized to serve by the previous permits. Respondent, Armored Carrier, on March 25, 1969, secured an order to show cause and a temporary restraining order from the Hennepin County District Court restraining the commission and Sweeney from commencing service to certain of the banks. In the course of this proceeding, the parties stipulated for a dismissal and for further hearings on the merits before the commission. Without recounting in detail the proceedings that followed, it is sufficient to say that, on December 24, 1969, the commission entered an order granting appellant a permit to serve 18 banks. Appellant's application to serve two other banks was denied. The order included authorization to serve the four banks originally involved in this appeal as well as other rights described in ex parte orders of the commission. Both contesting carriers appealed from this order of the commission to the Ramsey County District Court. This ap-

peal is currently on the calender of that court for trial.

It is not disputed by counsel for the parties that the pending proceedings in Ramsey County District Court include the same rights and issues as those involved in the judgment of the Hennepin County District Court which has given rise to the appeal to this court. Both parties have joined in and participated in the proceedings and litigation which followed the appeal to this court. It is conceded that the same issues will be presented and tried in the Ramsey County District Court and that the ultimate disposition of the issues involved in the appeal to this court will be controlled by that action.

On the basis of the record we must conclude that the issues or questions presented in the appeal before us have been rendered moot and that there is no actual controversy before this court. The claims and rights of the parties, both with respect to the original application and to additional claims and rights as expanded by subsequent proceedings, are now before the Ramsey County District Court for determination by an appropriate appeal. Since whatever action this court might take would be of no legal significance as it bears upon the ultimate rights of the parties, the questions presented, in our view, are moot or academic and are of such a nature as to make ineffectual any determination this court might make. St. Paul City Ry. Co. v. City of St. Paul, 259 Minn. 129, 106 N. W. (2d) 452; 1B Dunnell, Dig. (3 ed.) § 463; 2 Am. Jur. (2d) Administrative Law, § 573.

Appeals dismissed without costs.

MR. CHIEF JUSTICE KNUTSON took no part in the consideration or decision of this case.

MR. JUSTICE KELLY, not having been a member of this court the time of the argument and submission, took no part in the consideration or decision of this case.