IN RE CONSOLIDATION OF TOWNSHIP OF
GLENDALE WITH VILLAGE OF SAVAGE,
SCOTT COUNTY.
VILLAGE OF SAVAGE AND OTHERS v.
MINNESOTA MUNICIPAL COMMISSION.

180 N. W. (2d) 925.

October 16, 1970—No. 42001.

*Douglas M. Head,* Attorney General, and *Julian Hook* and *Richard B. Riley,* Special Assistant Attorneys General, for appellant.

*Daniel John O'Connell,* for respondents.

NELSON, JUSTICE.

Following a hearing on a petition for consolidation of the town of Glendale and the village of Savage, both in Scott County, and a resolution of the village council for such consolidation, the Minnesota Municipal Commission on December 24, 1968, ordered the consolidation with the exception of Sections 30 and 31 of the town. The village and town, their officials, and two taxpayers applied to the Scott County District Court for review of the commission's order. In response thereto, on April 10, 1969, the Honorable Harold E. Flynn issued an order striking the portion of the commission's order deleting Sections 30 and 31 of the town from the area to be consolidated and remanding the matter to the commission with instructions to amend its order to include all of the town in the new village of Savage. The commission filed its notice of appeal from the district court's order May 12, 1969.

On June 13, 1969, the commission adopted the following resolution:

"WHEREAS, the Minnesota Municipal Commission by its Order of December 24, 1968, ordered the consolidation of the Village of Savage and the Township of Glendale with the exception of Section 30 and 31 of said township, and,

"WHEREAS, the Minnesota Municipal Commission did not specifically act on the question of whether the consolidation would

have been approved if said Sections 30 and 31 were included in the consolidation and,

"WHEREAS, the Minnesota Municipal Commission in its deliberations found that the interest in keeping Prior Lake within the boundaries of one municipality to be of paramount importance and,

"WHEREAS, the Minnesota Municipal Commission would probably have denied the consolidation had it specifically voted on the question of whether the entire township and village should have been consolidated into a new municipality and,

"WHEREAS, the Village of Savage, et al., brought an appeal of the Minnesota Municipal Commission's Order before the District Court of Scott County and,

"WHEREAS, the District Court of Scott County, without the benefit of transcript of the Municipal Commission hearings remanded the matter to the Minnesota Municipal Commission to amend its order by including Sections 30 and 31 in the new Village of Savage and,

"WHEREAS, the Minnesota Municipal Commission has taken an appeal of the District Court's order to the Minnesota Supreme Court and,

"WHEREAS, the Minnesota Supreme Court denied the Minnesota Municipal Commission's request that the District Court order be stayed until the Supreme Court has ruled on its appeal,

"Now THEREFORE BE IT RESOLVED, that the Secretary of the Minnesota Municipal Commission be instructed to issue an amended order in conformance with the order of the District Court."

Pursuant to the foregoing resolution, on June 23, 1970, the commission issued the following amendment to its order of December 24, 1968:

"IT IS HEREBY ORDERED: That that part of the order of the Minnesota Municipal Commission order in the above-entitled matter dated the 24th day of December, 1968, which reads

" 'That all of the Town of Glendale lying south of the Minnesota River in townships 27NR24 and 115NR21W excepting sections 30 and 31 of township 15NR21W and the Village of Savage, Scott County, Minnesota, be incorporated and consolidated to form a single new municipality.'
be amended to read

"That all of the Town of Glendale lying south of the Minnesota River in townships 27NR24 and 115NR21W and the Village of Savage, Scott County, Minnesota, be incorporated and consolidated to form a single new municipality."

On April 23, 1969, a letter from the attorney general's office was sent to the attorney for Glendale township and the village of Savage in answer to an inquiry as to the then present status of said matter in which it was stated in part:

"* * * Inasmuch as the Court's Order, in effect, places the aforementioned sections 30 and 31 in the new village of Savage, your questions relating to the government of these sections have become moot. Accordingly, it becomes unnecessary at this time to attempt to answer the questions submitted."

Upon examination of the proceedings and the record herein, we find that any order we might now make would be futile. We have not overlooked the importance of the issues involved, but we must adhere to our long-established rule to the effect that this court does not pass judgments which can have no practical effect. It is well settled that if, pending an appeal, an event occurs which renders it impossible to grant any relief to appellant, or which makes a decision unnecessary, the appeal will be dismissed as presenting a moot question.[1] We think the foregoing rules render

---

[1] This court dismissed appeals as raising moot questions in Barnes v. Macken, 252 Minn. 412, 90 N. W. (2d) 222; State ex rel. Bennett v. Brown, 216 Minn. 135, 12 N. W. (2d) 180; Dehning v. Marshall Produce Co. 215 Minn. 339, 10 N. W. (2d) 229; McDonald v. Brewery and Beverage D. & H. & W. Union, 215 Minn. 274, 9 N. W. (2d) 770; Moore v. McDonald, 165 Minn. 484, 205 N. W. 894; Troy v. City of St. Paul, 155 Minn. 391, 193 N. W. 726; State ex rel. Klemer v. City Recorder, 129

it impossible for this court to grant the Minnesota Municipal Commission, as appellant, any effectual relief. The questions here involved are moot by reason of the commission's amendment of its order of December 24, 1968.

Appeal dismissed.

Minn. 535, 152 N. W. 654; Hansen v. Northwestern Tel. Exch. Co. 127 Minn. 522, 149 N. W. 131. See, also, 1A Dunnell, Dig. (3 ed.) § 463; 27A Wd. & Phr. (Perm. ed.) p. 142.