**Harmon SEAVER, Individually, and as parent and natural guardian of Mela Renee Seaver and Gordon Joshua Seaver, Petitioner, Appellant,**

v.

**INDEPENDENT SCHOOL DISTRICT #166 OF COOK COUNTY, Minnesota, et al., Respondents.**

No. 48935.

Supreme Court of Minnesota.

June 22, 1979.

Michael W. Connolly and Gregory Kishel, Legal Aid Service of Northeastern Minnesota, Duluth, for appellant.

Robert J. Karon, Duluth, for respondents.

Considered and decided by the court en banc without oral argument.

PER CURIAM.

Appeal from an order of the Cook County District Court denying appellant's motion that respondent school district and its superintendent, respondent Vernon G. Lueth, be held in contempt for violating a prior order of that court. We have concluded that the appeal must be dismissed as moot.

Appellant lives 12 miles from the Sawtooth Elementary School in Grand Marais. He sought mandamus in December 1977 to compel respondents to furnish his minor children bus transportation to and from the school, contending that the board was obligated to do so under Minn.St. 123.39, subd. 1, which provides in part:

"* * * In any special or independent district the board shall arrange for the attendance of all pupils living two miles or more from the school, through suitable provision for transportation or for the boarding and rooming of such

 

pupils as may be more economically and conveniently provided for by such means."

On February 21, 1978, after a hearing on stipulated facts, the court issued an order commanding respondent to furnish the children transportation "or to room and board said children, as may be more economically feasible and convenient."

Respondents promptly arranged for transportation of the children by a district-owned automobile, but on March 9, 1978, the district's board voted to furnish the children board and room after considering financial data which purported to show that this alternative was less costly. Appellant then moved for an order finding respondents in contempt for failing to comply with the order of February 21. He also moved for an order requiring the district to transport the children. The court issued an order to show cause and after a hearing on April 3, 1978, issued the order denying relief from which this appeal was taken.

It is unnecessary to detail appellant's claims of error relative to the contempt proceeding, however, because on July 22, 1978, the district's board adopted a change in its transportation policy pursuant to which appellant's children were furnished transportation to and from school by a district bus when the 1978–79 school year began. They received such transportation until December 22, 1978. After this date their mother and they moved from the district, and on January 18, 1979, respondents were requested to forward the children's school records to Walworth, Wisconsin. It is thus apparent that no controversy now exists concerning the children's attendance at the school in Grand Marais, so the appeal must be dismissed as moot. See, *In re Consolidation of Glendale with Savage*, 288 Minn. 340, 180 N.W.2d 925 (1970).

Appeal dismissed.