Gary R. WESTERGREN, petitioner, Appellant,

v.

COMMISSIONER OF PUBLIC SAFETY, Respondent.

No. C8–83–777.

Supreme Court of Minnesota.

June 8, 1984.

---

James H. Kaster, Minneapolis, for appellant.

Hubert H. Humphrey, III, Atty. Gen., Linda Close, Joel Watne, Sp. Asst. Attys. Gen., St. Paul, for respondent.

YETKA, Justice.

Appellant Gary Westergren was stopped for driving while intoxicated on August 7, 1982. A sample of his breath indicated an alcohol concentration of .11%. Minn.Stat. § 169.123, subd. 4 (1982) provides that when a driver submits to chemical testing and the results indicate an alcohol concentration of .10% or more, the Commissioner of Public Safety shall revoke the driver's license for 90 days. Westergren was served with a notice and order of revoca-

tion pursuant to Minn.Stat. § 169.123, subd. 5a (1982) informing him that his driver's license was revoked effective in 7 days and of his right to seek administrative and judicial review.

On September 27, 1982, the Hennepin County Municipal Court conducted a hearing on Westergren's petition for judicial review. Due to a misunderstanding between the court and Westergren's counsel, the court failed to file its order within 14 days after the hearing as provided by Minn.Stat. § 169.123, subd. 6 (Supp.1983). Westergren moved for rescission of the revocation on the grounds that the court had failed to observe the statutory period. The municipal court denied his motion, and its decision was affirmed on appeal by a three-judge panel of the Hennepin County District Court.

We granted a discretionary appeal from the district court's order. We now find that any order we might enter would be of no practical effect. If Westergren's license revocation was effective August 14, 1982, the period of revocation had expired before he made his motion to rescind on December 10, 1982. Accordingly, the appeal is dismissed as moot. *In re Consolidation of Glendale with Savage*, 288 Minn. 340, 180 N.W.2d 925 (1970).

Appeal dismissed.