## H & S COMPANY AND OTHERS v. MINNESOTA STATE BOARD OF PHARMACY.

104 N. W. (2d) 30.

June 24, 1960—Nos. 37,935, 37,936.

*Walter F. Mondale,* Attorney General, and *William W. Essling,* Special Assistant Attorney General, for appellant.

*Theodor Herman,* for respondents Wallerius.

*James McCollister,* for respondent H & S Company.

THOMAS GALLAGHER, JUSTICE.

Appeal by the Minnesota State Board of Pharmacy from an order of the District Court of Hennepin County which upon certiorari set aside the board's actions in canceling the wholesale drug licenses issued to

respondents H & S Company, a Minnesota corporation, and J. F. Wallerius & Sons, a copartnership.

The H & S license was issued May 13, 1958, and the J. F. Wallerius license was issued May 26, 1958. By their terms both licenses expired June 13, 1959. Both were canceled by the board on January 16, 1959, upon the ground that respondents had sold drugs and medicines to other than licensed pharmacies contrary to the provisions of M. S. A. 151.25.[1]

In district court the board moved to quash the writs on the ground that certiorari was not respondents' proper remedy. These motions were denied, and after hearing the district court as above indicated made its order setting aside the board's actions on the ground that under the statutes creating it and providing for the issuance of wholesale drug licenses, it was not empowered to revoke such licenses. This order was made on July 31, 1959, after expiration of the licenses.

Upon appeal the board challenges the authority of the district court to review its actions under writs of certiorari, and further seeks reversal of the district court order on the ground that the district court erred in holding that the board was not empowered by statute to revoke the wholesale drug licenses of respondents. Respondents have moved to dismiss the appeal here on the ground that the questions presented therein have become moot because of the expiration of the licenses involved.

■ We are of the opinion that the motion to dismiss the appeal on the ground that the issues have become moot must be granted. It is clear that, since the licenses which were canceled by the board have already expired, any decision of this court relative thereto would be nothing more than advisory. As stated in Barnes v. Macken, 252 Minn. 412, 415, 90 N. W. (2d) 222, 225:

"This court has held under similar circumstances, in numerous decisions, that it is powerless to grant relief after the expiration of the

---

[1]M. S. A. 151.25 provides: "* * * It shall be unlawful for any person engaged in the business of selling at wholesale, or his agent, to sell drugs, medicines, chemicals, or poisons to other than a pharmacy, except as provided in this chapter."

period during which the right conferred may be asserted and therefore will not proceed to judgment. We are confronted with a situation in the present appeal when the affirmance or reversal of the order made by the trial court will make no difference in respect to the controversy involved or on the merits in regard to petitioner's claim. We have heretofore held that because of an expiration of a license a decision of the case on its merits would not benefit either party to the proceeding. We have repeatedly said that under such circumstances the court's decisions should be limited to real controversies where actual existing facts and issues are involved and rights asserted thereunder. While it may be suggested that a decision of the case presented on this appeal would serve as a precedent in other cases and should therefore be rendered, the answer must be that the present condition of this action renders it a moot case and not a real controversy."

See, also, Mid-West Wine Co. Inc. v. Ericson, 227 Minn. 24, 34 N. W. (2d) 738; Dehning v. Marshall Produce Co. 215 Minn. 339, 10 N. W. (2d) 229; McDonald v. Brewery and Beverage D. & H. & W. Union, 215 Minn. 274, 9 N. W. (2d) 770; Moore v. McDonald, 165 Minn. 484, 205 N. W. 894.

■ The board argues that nevertheless an opinion should be rendered as a guide in future proceedings of this kind and as a precedent for the orderly administration of the pharmacy act. But this position appears inconsistent with the board's present contention that its motion to quash the writs of certiorari should have been granted by the district court. If we were to reverse the district court's action in refusing to do so, it is obvious that the board's objective in seeking precedents in the furtherance of orderly administration of the pharmacy act would not be attained in any event. Under all the circumstances presented, and based upon the authorities cited, the motion to dismiss the appeal on the ground that the issues are moot must be granted.

Appeal dismissed.