**A.J. DeANTONI, Appellant,**

v.

**CITY OF BLOOMINGTON, et al., Adrian Herbst and Port Authority of the City of Bloomington, et al., Respondents.**

**No. C8–87–1680.**

Court of Appeals of Minnesota.

April 5, 1988.

Thomas E. Ticen, Minneapolis, for A.J. DeAntoni.

David R. Ornstein, City Atty., Bloomington, for City of Bloomington, et al.

Steven Z. Kaplan, Barbara J. D'Aquila, Hart, Bruner, O'Brien & Thornton, Minneapolis, for Adrian Herbst.

James J. Thomson, Jr., LeFevere, Lefler, Kennedy, O'Brien & Drawz, Minneapolis, for Port Authority of the City of Bloomington, et al.

Heard, considered and decided by NIERENGARTEN, P.J., and FORSBERG and SEDGWICK, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant A.J. DeAntoni seeks review of a July 22, 1987, order and an August 17, 1987, summary judgment dismissing his declaratory judgment action against respondents [1] as moot and for failing to present a justiciable controversy. We affirm.

## FACTS

In May 1982, the Bloomington Port Authority executed an agreement for professional legal services with Herbst and Thue. The legal services were to be performed primarily by Adrian Herbst and the firm was to be paid $25 for each Port Authority meeting and legal fees at the rate of $60 per hour.

At the time the agreement was executed, Adrian Herbst was serving as a member of the Bloomington City Council. Prior to Herbst's retention as general counsel, the question was raised whether his simultaneous roles as council member and legal advisor to the Port Authority would constitute a conflict of interest or violate Section 2.04 of the Bloomington City Charter, which then provided:

No member of the council shall be appointed city manager, nor shall any member hold any other paid municipal office or employment under the city; and until one year after the expiration of his term as mayor or councilman no former member shall be appointed to any paid appointive office or employment under the city which office or employment was created or the emoluments of which were increased by the council during his term as councilman.

By letter dated January 8, 1982, a special assistant to the attorney general advised that the attorney general's office could not express any view on the meaning and effect of Section 2.04 of the Bloomington City Charter. He indicated unofficially that no statutes or compelling policy considerations appear to require a conclusion that membership on the city council is, as a matter of law, a bar to employment as general legal counsel to the Port Authority.

On October 12, 1982, the city manager, on behalf of the City of Bloomington and the Port Authority asked the firm of Popham, Haik, Schnobrich, Kaufman & Doty for a legal opinion concerning whether a member of the Bloomington City Council serving as legal counsel to the Bloomington Port Authority, faced a conflict of interest. A firm member on December 13, 1982, concluded:

[U]nder Minnesota law and the Bloomington City Charter a court would hold that simultaneous tenure as a City Council member and legal counsel to the Port Authority is not prohibited by law, expressly or otherwise, either as involving a conflict of interest or holding incompatible offices.

Adrian Herbst served as both general counsel to the Port Authority and as a member of the Bloomington City Council

1. The City of Bloomington, Mayor James Lindau, City Council members: Roger Blessum, Tom Spies, Charles Schueller, Mark Mahon, Neil Peterson, Adrian Herbst; City Clerk E.L. Woulfe, Port Authority of the City of Bloomington and its officers, President James Lindau, Vice President Donald Green and Commissioners Lloyd Bergquist, Robert Erickson, William Jaeger, Mark Mahon and Gary Wollan, and Adrian Herbst, individually.

until October 1986, when he resigned as general counsel to the Port Authority.

On September 22, 1986 the Bloomington Charter Commission proposed an amendment to Section 2.04 of the city charter, which would include the following additional language:

> With this section, "under the city" shall include but not be limited to the Housing and Redevelopment Authority, the Bloomington Port Authority, and any other entity the members of which are appointed by, or which is financed by, the City.

The proposed amendment was placed on the ballot and approved by the voters of the City of Bloomington on November 4, 1986.

On November 21, 1986, appellant A.J. DeAntoni filed a complaint as a taxpayer and resident of the City of Bloomington, seeking a declaratory judgment determining that Adrian Herbst's simultaneous employment as counsel to the Port Authority, while a member of the Bloomington City Council, violated section 2.04 of the city charter prior to its amendment on November 4, 1986.

Summary judgment was entered dismissing DeAntoni's action as moot and for failing to present a justiciable controversy.

## ISSUE

Did the trial court err in determining appellant's action is moot and fails to present a justiciable controversy?

## ANALYSIS

It is undisputed that there are no genuine issues of material fact. In an appeal from a summary judgment this court must determine whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Since the summary judgment motion concerns a question of law, this court need not extend any special deference to the trial court's conclusion, but may instead conduct an independent review of the question. *See Jadwin v. Minneapolis Star and Tribune Co.*, 367 N.W.2d 476, 483 (Minn.1985).

It is well-established that a justiciable controversy must exist before the court has jurisdiction to render a declaratory judgment. *See St. Paul Area Chamber of Commerce v. Marzitelli*, 258 N.W.2d 585, 587 (Minn.1977).

DeAntoni's declaratory judgment action only sought a determination that Adrian Herbst's past employment as general legal counsel for the Bloomington Port Authority, while serving as a Bloomington City Council member, was in violation of Section 2.04 of the Bloomington City Charter in effect during that period. The action did not pray for any relief because of the alleged violation of the charter.

The trial court correctly dismissed DeAntoni's action for failing to present a justiciable controversy. Herbst had ceased serving as counsel for the Port Authority prior to the filing of the action, consequently, there remained no "genuine conflict in the tangible interests of the opposing litigants." *State ex rel. Smith v. Haveland*, 223 Minn. 89, 92, 25 N.W.2d 474, 477 (1946). We refuse to render an opinion where there remains no real controversy and the issues on appeal are moot. *See H & S Co. v. Minnesota State Board of Pharmacy*, 258 Minn. 322, 104 N.W.2d 30 (1960). *See also Lund ex rel. Wilbur v. Pratt*, 308 A.2d 554 (Me.1973).

DeAntoni's complaint only sought a determination that Adrian Herbst's prior employment as counsel for the Port Authority violated Section 2.04 of the Bloomington City Charter. Since Herbst had terminated the contractual agreement with the Port Authority prior to the initiation of the declaratory judgment action, there remained no active controversy.

## DECISION

The trial court did not err in dismissing appellant's declaratory judgment action.

Affirmed.