Regina FULLER, Relator,

v.

## NORWEST INFORMATION SERVICES, INC., Respondent,

Department of Jobs and Training, Respondent.

No. C7–86–1465.

Court of Appeals of Minnesota.

Dec. 9, 1986.

Ronald S. Goldser, Zimmerman Reed, Minneapolis, for Regina Fuller.

Dale E. Beihoffer, Faegre & Benson, Minneapolis, for Norwest Information Services, Inc.

Hubert H. Humphrey, III, Atty. Gen., Peter C. Andrews, Sp. Asst. Atty. Gen., St. Paul, for Department of Jobs and Training.

Heard, considered and decided by HUSPENI, P.J., and SEDGWICK and LANSING, JJ.

## MEMORANDUM OPINION

HUSPENI, Judge.

Relator was separated from her employment with respondent on November 7, 1985. She applied for unemployment compensation, and a claims deputy awarded her benefits, determining that she had been involuntarily discharged from her job. Respondent appealed, claiming that relator's separation was voluntary and without good cause. A Department referee affirmed the claims deputy's decision, and respondent appealed again, this time to a Commissioner's representative, who modified the referee's decision. The Commissioner's representative found that relator had voluntarily quit her job without good cause attributable to Norwest, but concluded that because the referee had affirmed the claims deputy's determination awarding benefits, relator could not be disqualified from receiving those benefits. Relator has appealed to this court by writ of certiorari.

## DECISION

Minn.Stat. § 268.10, subd. 2(6) (1985), the "double affirmation clause", provides:

If a referee's decision affirms an initial determination awarding benefits * * * the decision, if finally reversed, shall not result in a disqualification and benefits paid shall neither be deemed overpaid nor shall they be considered in determining any individual employer's future contribution rate * * *.

■ The Commissioner's representative applied this clause, concluding:

> The decision of the Appeal Referee that [relator] was involuntarily separated from her employment for reasons other than misconduct affirmed an earlier determination awarding benefits to [relator]. Therefore, [relator] cannot now be disqualified from the receipt of unemployment compensation benefits. However, in the present case, we find that [relator] voluntarily separated without good cause attributable to the employer, and any benefits which [relator] receives should not be charged to the employer's experience rating account.

The Commissioner's application of the double affirmation clause in this instance was proper.

■ Courts should not decide matters which will have no practical effect. *In re Township of Glendale, Scott County*, 288 Minn. 340, 343, 180 N.W.2d 925, 927 (1970). Here, the statute allows relator to receive benefits no matter what this court determines, and respondent's account cannot be charged for those benefits.

Since neither party is aggrieved by the Commissioner's decision, we decline to review the Commissioner's conclusion that relator voluntarily separated without good cause attributable to respondent.

Writ discharged.