**Richard C. KONS, Respondent,**

v.

**GAYLORD COMMUNITY HOSPITAL, Relator,**

**Commissioner of Jobs and Training, Respondent.**

No. C2–88–1393.

Court of Appeals of Minnesota.

Aug. 30, 1988.

William Cowell, Miller & Cowell, Gaylord, for respondent.

Douglas Nesvig, Gaylord, for relator.

Hubert H. Humphrey, III, Atty. Gen., James Barone, Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered at Special Term and decided by WOZNIAK, C.J., and PARKER and SCHUMACHER, JJ., without oral argument.

## SPECIAL TERM OPINION

WOZNIAK, Chief Judge.

### FACTS

A claims deputy initially ruled that respondent Richard Kons was disqualified from receiving unemployment benefits, due to misconduct. That decision was reversed by an appeals referee, who found Kons was entitled to benefits. The Commissioner's representative affirmed the decision of the referee, agreeing that Kons is eligible for unemployment compensation. Kons' former employer, relator Gaylord Community Hospital, timely obtained a writ of certiorari from this court for review of the Commissioner's decision. The Commissioner moves to discharge the writ. There has been no response to the motion.

### DECISION

If a referee's decision affirms an initial determination [by a claims adjudicator] awarding benefits or the commissioner affirms an appeal tribunal [referee's] decision awarding benefits, the decision, if finally reversed [on appeal to the court of appeals or on further review in the Minnesota Supreme Court], shall not result in a disqualification [for unemployment compensation] and benefits paid shall neither be deemed overpaid nor shall they be considered in determining any individual employer's future contribution rate under section 268.06.

Minn.Stat. § 268.10, subd. 2(6) (Supp.1987). This so-called "double affirmation clause" has resulted in dismissal of *employee* appeals, where the outcome of the appeal would have no effect on the employee's receipt of benefits. *See Fuller v. Norwest Information Services, Inc.*, 396 N.W.2d 909 (Minn.Ct.App.1986). However, if reversal of an award of benefits would result in benefits being excluded from calculation of the employer's future contribution rate, an *employer's* appeal would not ordinarily be moot.

Gaylord Community Hospital is not a "contributing employer" within the meaning of the double affirmation clause. As a political subdivision, it is required to reimburse the compensation fund for *all* benefits paid out on its behalf, regardless of fault. Minn.Stat. § 268.06, subd. 25 (1986). Its payments are not governed by a "contribution rate," and the outcome of this appeal will have no impact. Kons will continue to receive benefits and relator will be required to reimburse the fund for all benefits paid, even if this court reversed the Commissioner's decision.

Our conclusion that this appeal is, therefore, moot is consistent with the supreme court's rejection of a public hospital's appeal under similar circumstances. In *Neeland v. Clearwater Memorial Hospital*, 257 N.W.2d 366 (Minn.1977), the supreme court held the employer lacked standing to attack the constitutionality of the double affirmation clause, in part because the hospital was required to fully reimburse the compensation fund for all benefits paid. The employer in this case has made no attempt to distinguish *Neeland* or to identify any way in which this appeal would affect its obligations.

Writ of certiorari discharged.